### ROBERT HANKS *v.* THE STATE.

No. 3898. Decided June 6, 1908.

**Gaming—Exhibiting Banking Game—Insufficiency of Evidence.**

Where upon trial for exhibiting for the purpose of gaming a gaming table, etc., under article 388a, Act of the Thirtieth Legislature, the evidence showed that the defendant and others were playing cards on a blanket in a shed room to a barn, while a dance was going on, but did not show that the defendant owned the house or had leased it or that there were any equipments showing the same to be a gambling establishment, or that any one else had ever played any game at this place either before this or since, the conviction for felony could not be sustained.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of unlawfully keeping and exhibiting, for the purpose of gaming, a gaming table and bank; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henry Faulk* and *John Brackenridge,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Travis County, on a charge that he did then and there unlawfully keep and exhibit for the purpose of gaming, a gaming table and bank.

This indictment was returned and prosecution began and concluded under article 388a of the Act of the Thirtieth Legislature, Chapter XLIX, p. 108. This article is as follows: "If any person shall directly or as agent or employee for another or through any agent or agents keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name or any slot machine, any pigeon hole table, any jenny-lind table, ten pin alley or table or alley of any kind whatsoever, regardless of the name or whether named or not, or of the number of pins, balls, or rings used for gaming, shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary not less than two nor more than four years, regardless of whether any of the above mentioned games, tables, banks, alleys, wheels, devices or slot machines are licensed by law or not; provided, that any such alley, table, bank,

wheel, machine or device shall be considered as used for gaming, if the table fees, alley fees, or money or anything of value is bet thereon.

There are many questions raised in the record as grounds why this judgment of conviction should be reversed, but in view of the conclusion to which we have arrived it becomes unnecessary to consider any of them except the single proposition that the verdict of the jury and judgment of the court are unsupported by and contrary to the evidence. We believe that the conviction is unwarranted and should be set aside.

The following, substantially, is the evidence of the case:

W. R. Wray, who was constable of precinct No. 2, Travis County, testified that having received information that gaming was going on among the negroes of this community, he went out one night to where there was a negro dance going on and that not far from the house and in a shed room by a barn, he saw a light; that he and the other persons with him, Will Williams, and J. H. Allison and George Nixon, stopped their horses out a piece in the lane and that they went to this shed room by the side of the barn and in the rear of same was a crack running horizontally, through which all four of them looked; that not far from the rear end was defendant whom he identified on the trial as Robert Hanks, and who was sitting with his face towards the party; that to his side was sitting Peter Jones, and another negro whom he did not know, and that they were all playing cards; that he saw some money stacked up on the blanket in front of appellant; that he saw appellant laying the cards down in pairs of two; that he saw the other parties, Peter Jones and Dave Mollette, put money on the cards and the appellant take the cards and money up and then place more cards out when Mollette and Jones would again put the money on the cards and appellant would again take the cards and money up; that he took the game that they were playing to be monte and that the appellant, Robert Hanks, had charge of the game and was dealing it, and that Peter Jones and Dave Mollette were betting at the game. This is, substantially, all the evidence. The statement of facts is replete with explanations of the game of monte, how played and how many cards required in playing and the difference between this game and the game called Coon Can, but the above is practically the entire evidence in the case, the testimony of the other witnesses being in general a substantial reproduction of that of the witness Wray which we have given above. This shows, to our mind, that this was simply a game of cards by a lot of negroes out in a barn at night and that it fails to bring the appellant within the purview of the law which makes it a felony to run a gambling house. The record shows that informations were filed in the county court against all the parties for betting at a game of cards and the testimony, taken together, is strong enough, at least, to raise a strong presumption of the guilt of this offense, but we do not believe that these negroes, any or all of them, were guilty, as in substance provided, of keeping or exhibiting for anyone or more of the different games referred to in article 388a of our Criminal Code, and we are unwilling that any man, under this

law, should suffer the ignominy of confinement in the penitentiary under the facts disclosed by this record. In this case there is no evidence that appellant owned the house, that he was the lessee of the house, nor was there any of the equipments or paraphernalia of the gambling establishment nor does it appear, unless by mere rumor, that these people or any one else had ever played any game at this place either before or since the night in question. The testimony was that they were playing cards on a blanket in a shed room to a barn; an ordinary game of cards among negroes as an attachment of a negro dance. We do not believe that this character of misconduct, however reprehensible in morals or good taste, constitutes in law the keeping or exhibiting of any of the games referred to or named in the statute, or that the State has made a case under which any man, black or white, should be deprived of his liberty and confined in the penitentiary as a felon. So believing, it results that the judgment of the court below must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Brooks, Judge, absent.