## C. M. JOHNSON v. STATE.

No. A-3703.   Opinion Filed Feb. 16, 1922.
(204 Pac. 311.)

(Syllabus.)

1.  **Indictment and Information—In Felony Cases Information to Conform to Evidence at Preliminary Hearing or with Preliminary Complaint—Amendments.** There is a distinction between amendments to informations in misdemeanor and felony cases. In the latter prosecutions the information in the trial court is based upon a preliminary examination or waiver thereof by defendant; in the former no preliminary examination is allowed. In felony cases the county attorney is authorized to file an information in the trial court according to the evidence at the preliminary hearing, or, if one is waived and no evidence is taken, then according to the charge as contained in the preliminary complaint or information.

2.  **Same—Defendant not Prejudiced by Amendment Making Information Conform.** In felony cases defendant is not prejudiced by an amendment to the information in the trial court which merely has the effect of making such information conform to the facts as disclosed at the preliminary examination, if a hearing is had, or to conform to the charge as contained in the preliminary complaint or information, if the preliminary examination is waived and no evidence taken.

3.  **Appeal and Error—Burden on Defendant to Show Amendment of Information Unauthorized.** The burden is upon the defendant to show that the amendment, in felony cases, is unauthorized. Unless it affirmatively appears from the record to the contrary, this court will presume that the proceedings were regular and the amendment such as was authorized by the preliminary examination; the burden is on the defendant to bring a case on appeal which includes enough of the proceedings of the lower court to enable this court to pass intelligently and safely upon the questions presented.

4.  **Forgery—Circumstances Relating to Purchase of Goods with Forged Instrument Admissible—Similar Suit of Clothes as Evidence.** For circumstantial evidence held to have been properly admitted, see body of opinion.

5.  **New Trial—Newly Discovered Evidence—Insufficient Showing.** Applications for a new trial on the ground of newly discovered evidence are addressed to the discretion of the trial court. Where proper diligence is not shown to secure the alleged newly discovered evidence, and also where such evidence would not likely

change the result if a new trial should have been granted, no error was occasioned in overruling the motion.

6.       **Appeal and Error—Harmless Error—Permitting State's Evidence in Chief to be Introduced in Rebuttal.** The trial court permitted evidence in chief to be introduced in rebuttal. In view of other incriminating evidence against the defendant, it is held that such error is not sufficiently prejudicial to result in a reversal of the judgment.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

C. M. Johnson was convicted of forgery, and he appeals. Affirmed.

Baldwin & Snider and Cameron & Walden, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. It is first contended that the trial court erred in overruling the demurrer of plaintiff in error to the information. The demurrer was on the ground that the information did not charge the defendant with an offense against the laws of the state of Oklahoma.

The information was filed in the district court of Jefferson county on the 3d day of September, 1919, and charged the defendant with committing the crime of forgery on or about the 25th day of November, 1919. By interposing the demurrer the defendant intended to take advantage of the allegation as to the time the offense was alleged to have been committed by him as it appeared from the face of the information that the allegation as to the time the offense was committed was same two months subsequent to the date on which the information was filed, and therefore alleged an impossible date for its commission.

After the defendant had pleaded to the original information the county attorney discovered the error in the date, and, by leave of court, was permitted to amend the information by changing the allegation as to the time when the crime was committed from the 25th day of November, 1919, to the 25th day of November, 1918. This amendment had the effect of remedying any defect in the original information as to the date, and rendered the demurrer not well taken. Rollen v. State, 7 Okla. Cr. 673, 125 Pac. 1087; State v. Cooper, 31 Kan. 505, 3 Pac. 429.

Counsel for the defendant objected to and excepted to the action of the court in permitting the amendment to be made, and this action constitutes the substance of the alleged error presented under the foregoing assignment. While the amendment to the information as ground of error is not properly raised by the assignment "that the court erred in overruling the demurrer to the information," nevertheless, in view of the fact that exception was taken to the action of the trial court in allowing the information to be amended, and in view of the further fact that this is a conviction for a felony, we have taken occasion to examine the record carefully to determine whether or not the alleged error in permitting the information to be amended is properly presented for a review by this court, and our conclusions as to this question are as follows:

A distinction must be made between amendments to informations in misdemeanor and felony cases. In the latter prosecutions the information in the trial court is based upon a preliminary examination accorded the defendant or a waiver thereof by him; in the former no preliminary examination is allowed. Section 17, art. 2, Const. The county attorney is authorized, in felony cases, to file in the trial court an information which charges the crime according to the evidence at the

preliminary hearing, or if one is waived, and no evidence taken, then according to the charge as contained in the preliminary complaint or information.    Williams v. State, 6 Okla. Cr. 373, 118 Pac. 1006.

Therefore in felony cases the defendant cannot, in good faith, say that he is prejudiced by any amendment to the information in the trial court which merely has the effect of making such information conform to the. facts as disclosed at the preliminary examination, if a hearing is had, or according to the charge as contained in the preliminary complaint or information, if the preliminary examination is waived and no evidence taken. James Little v. State, 21 Okla. Cr. 1, 204 Pac. 305.

The burden is upon the defendant to show that the amendment in felony cases is unauthorized.    Unless the contrary affirmatively appears from the record and case-made on appeal, this court will presume that the proceedings were regular and the amendment such as was authorized by the preliminary examination, or else the appellant would have included within the case-made enough of the record below to show the contrary.    Little v. State, supra.

Section 5996, Rev. Laws 1910, provides:

''In all criminal cases appealable to the Criminal Court of Appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court, may be sent to the appellate court in lieu of all other records or bills of exception, or the proceeding in the appellate court may be as provided in the next section.''

If a defendant desires to bring a case here on appeal, he must at least bring enough of the proceedings of the lower court to enable this court to pass intelligently and safely up-

on the questions presented. Cowan v. State, 5 Okla. Cr. 314, 114 Pac. 627; Starr v. State, 9 Okla. Cr. 210, 131 Pac. 543.

In this appeal there is nothing in the case-made to show whether or not the preliminary examination was waived, and, if not, what the evidence was at the preliminary examination; and, if waived and no evidence taken, what the charge was as contained in the preliminary complaint or information. In the absence of such a showing, this court cannot pass intelligently or safely upon the question of whether the amendment to the information was prejudicial to the defendant.

It is evident in this case that the amendment to the information was rendered necessary because of a typographical error. If county attorneys would take the precaution to proof-read all informations before they are filed, such questions as this would be avoided on appeal, and the county and state saved the unnecessary expense and delay in enforcing criminal judgments. We pause to suggest that prosecuting officers cannot be too careful in the preparation of criminal pleadings.

It is also contended that the trial court erred in admitting evidence on behalf of the state over the objection and exception of the defendant. The assignment of error relates to the identification of, and its subsequent admission in evidence, a suit of clothes taken from the stock of G. W. Coker & Sons' mercantile store at Waurika, Okla.

Prior to the admission of this suit of clothes in evidence Mrs. Tucker, who clerked in the store of G. W. Coker & Sons on November 25, 1918, had testified that the defendant appeared in the store on that date, purchased a bill of goods, and upon request by him the witness filled out a check for $16 on the First National Bank of Addington, Okla., payable to G. W. Coker & Sons, and that the defendant signed the name of J. C. Smith to said check and offered it in payment of said bill of

goods. The bill of goods amounted to $15.65. The check was accepted and the defendant given 35 cents in change.

Afterwards the check was discovered to be a forgery; there being no person by the name of J. C. Smith who had an account in the First National Bank of Addington, and, so far as the cashier of said bank knew, there was nobody by the name of J. C. Smith who lived in or near the town of Addington.

Among the goods purchased from G. W. Coker & Sons on that occasion from the clerk Mrs. Tucker was a suit of boys' clothing, and while Mrs. Tucker was upon the witness stand she identified another suit taken from the stock of G. W. Coker & Sons as being of the same color and pattern as that sold the defendant on November 25, 1918.

J. L. Phinn, another witness for the state, testified:

"That he lived on a farm about a mile north of Waurika; that in October, 1918, the defendant, Charley Johnson, had been to see the witness for the purpose of renting his farm for the year 1919; that no arrangements were then made, but on Sunday, the 24th day of November, 1918, the defendant again appeared at the witness' farm and stayed all night with him that night, and on the morning of the 25th of November, 1918, defendant again came to the witness' farm, carrying a bundle of merchandise which he said he had purchased in Waurika that day. And the witness further testified that among the articles in the bundle was a suit of boys' clothing which he described as a gray mixture. The witness also testified that subsequent thereto he went to the store of G. W. Coker & Sons in waurika and picked out of their stock the particular suit of clothes that it is here complained of was erroneously admitted in evidence. And this witness also stated that this suit of clothes which he had selected from the stock of G. W. Coker & Sons was of the same pattern as that which the defendant brought to his house on the evening of November 25, 1918."

Thereafter, when the defendant was a witness in his own behalf, he was presented on cross-examination with a photograph of his wife and two children, which defendant stated was taken in January, 1919, at Waurika, Okla., and at that time he and his family were living on the farm of the witness Phinn. This photograph disclosed that the son of the defendant was wearing a gray suit of clothes, and the court permitted this photograph to be introduced in evidence for the purpose of inspection by the jury to compare the suit as worn by the defendant's son with that as identified by the witnesses Mrs. Tucker and Mr. Phinn. The admission of this photograph is also contended to be erroneous.

We cannot agree with either contention. This evidence was competent circumstantial evidence tending to connect the defendant with the commission of the crime.

It is also contended that the trial court erred in overruling defendant's motion for a new trial, based on the ground of newly discovered evidence. Defendant contends that he discovered after the close of the trial that his wife would have testified, if called as a witness, that the defendant knew nothing about the suit of clothes that their son was wearing when the photograph was taken; that the defendant did not bring said suit of clothes to their home, and that she purposely concealed from the defendant any knowledge of said suit of clothes; that defendant is unable to prove these facts by any other witnesses, and was unable to have his said wife at the trial, and did not know that such evidence would be introduced by the state and for that reason was unable to meet it; and that if a new trial is granted him on this ground he will have said wife present at the trial. This motion was presented some three months ago after the judgment had been rendered, was heard and overruled by the court, and excepted to by the defendant.

The record discloses that the trial of this case took place some five or six months after the preliminary examination. It also appears from the examination of the defendant that he knew at the time of the preliminary examination that among the articles alleged to have been procured by him on the forged check was a suit of boys' clothing. The new evidence sought to be used as a ground for a new trial is that of the defendant's wife. If the defendant had no knowledge of this suit of clothes, certainly his wife would have been the first person he would have inquired of concerning it, and the least amount of diligence on his part would have resulted in obtaining some sort of a statement from her relative to the possession of this suit of clothes by her and the boy. Defendant seems to have had no trouble to procure this statement after his conviction. All through the transcript of defendant's testimony appear statements by him that he and his wife were not on friendly relations, and he endeavors to make it appear that his wife was trying to send him to the penitentiary for the purpose of getting the custody of their two children in a divorce proceeding which the defendant had theretofore instituted against his wife. It is a remarkable circumstance, therefore, that after the wife had secured the very thing defendant had contended she was after, to wit, his conviction for a felony, that she would, if she had ever held any animosity against him, then been willing to come to his rescue, and at the same time brand herself as a woman without sympathy or mercy.

Therefore, if on a new trial the wife of the defendant should be permitted to testify to the matters and things set up in the motion, we are inclined to believe it would have very little weight with the jury, and for that reason would not be likely to change the result, as there is ample evidence in this record, without the identification of the suit of clothes worn by the son of defendant, to justify his conviction.

It is also contended that the trial court erred in permitting the state to introduce certain incompetent evidence in rebuttal. When the defendant was a witness he was asked on cross-examination if on November 25, 1918, and at the time he passed the forged check to G .W. Coker & Sons, he had not also, in said store, to Mrs. Phelan, a clerk therein, presented another check drawn on the First National Bank of Addington for $35, with a request that she cash the same for him. Defendant denied any such occurrence, and in rebuttal Mrs. Phelan was called as a witness and testified substantially that the defendant was in the store at that time and presented her with such a check and requested that she cash it, and that she refused to do it.

This evidence properly should have been introduced in chief, as it was competent for the purpose of locating the defendant at the scene of the crime at the time of its commission. We do not believe, however, that its admission in rebuttal was such error as should, in view of the other incriminating evidence against defendant, resulted in reversal of this judgment.

Other alleged errors are complained of. We have carefully examined the record with respect to these assignments, and conclude that they are either without substantial merit or else not supported by the record. The defendant was accorded a fair and impartial trial, was given as wide a latitude in the presentation of evidence as the law would allow, and in our opinion his guilt was clearly established.

The judgment is affirmed.

DOYLE, P. J., and BESSEY J., concur.