## COCKRILL ET AL. v. PEOPLE OF CALIFORNIA.

ERROR TO CALIFORNIA DISTRICT COURT OF APPEAL, THIRD APPELLATE DISTRICT.

No. 182. Argued March 6, 1925.—Decided May 11, 1925.

By the California Alien Land Law, under which acquisition, use or control of agricultural land is forbidden to aliens not eligible to citizenship under the laws of the United States and interests which such persons can not take are to escheat to the State when conveyed with intent to avoid that result, it is provided that a *prima facie* presumption that conveyance is made with that intent shall arise upon proof of the taking of the property in the name of a person not inhibited if the consideration is paid, or

agreed or understood to be paid, by an alien of the disqualified classes—In a prosecution for conspiracy to violate the statute, where the conveyance was taken by an American citizen and the consideration paid by an ineligible Japanese, but with intent, as it was claimed, that the interest should be held for his children, who were American citizens by birth, *held;* That the statutory presumption of intent is consistent with the due process and equal protection clauses of the Fourteenth Amendment and with the provision of the treaty with Japan guaranteeing to the subjects of the parties to it protection of persons and property and enjoyment in that respect of the rights and privileges granted native citizens. Pp. 261, 262.

62 Cal. App. 22, affirmed.

ERROR to a judgment of the California District Court of Appeal affirming a sentence for conspiracy to violate the Alien Land Law of that State. The Supreme Court of California had refused a petition for review.

*Mr. Algernon Crofton,* with whom *Mr. Charles A. Wetmore, Jr.,* was on the brief, for plaintiff in error.

*Mr. F. L. Guerena* for defendant in error. *Messrs. U. S. Webb,* Attorney General of California, *Frank English, John H. Riordan* and *J. Charles Jones,* Deputy Attorneys General, were on the brief.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiffs in error were convicted in the superior court of Sonoma County, California, of conspiracy to effect a transfer of real property in violation of the Alien Land Law of that State. Judgment was affirmed by the district court of appeal. 62 Cal. App. 22. A petition to have the case heard and determined in the Supreme Court of California was denied. The case is here on writ of error. § 237, Judicial Code.

Under the Alien Land Law, Japanese subjects who are not eligible to citizenship under the laws of the United

States are not permitted to acquire, use or control agricultural lands in California. Statutes of California, 1921, p. lxxxiii. Treaty of February 21, 1911, 37 Stat. 1504. *Porterfield* v. *Webb,* 263 U. S. 225; *Webb* v. *O'Brien,* 263 U. S. 313; *Frick* v. *Webb,* 263 U. S. 326; *Terrace* v. *Thompson,* 263 U. S. 197. Section 9 provides: " Every transfer of real property, or of an interest therein, though colorable in form, shall be void as to the state and the interest thereby conveyed or sought to be conveyed shall escheat to the state if the property interest involved is of such a character that an alien mentioned in section two hereof [one not eligible to citizenship under the laws of the United States] is inhibited from acquiring, possessing, enjoying or transferring it, and if the conveyance is made with intent to prevent, evade or avoid escheat as provided for herein. A prima facie presumption that the conveyance is made with such intent shall arise upon proof of . . . the taking of the property in the name of a person other than the persons mentioned in section two hereof if the consideration is paid or agreed or understood to be paid by an alien mentioned in section two hereof; . . ." Section 10 provides that, if two or more persons conspire to effect a transfer of real property or of any interest therein in violation of the provisions of the statute, they shall be punishable by fine or imprisonment or both.

Plaintiff in error Cockrill is an American, and Ikada is a Japanese subject not eligible to citizenship. They entered into an agreement to purchase certain agricultural lands and to take title in the name of Cockrill. Ikada furnished the money which was paid on account of the purchase price, and, upon the making of the contract, took possession of the property. Cockrill had no interest in the land; and the prosecution maintained that he made the contract with the seller and intended to take the deed and hold the land in trust for Ikada. But

plaintiffs in error represented that the land was being acquired for and was to be owned by the children of Ikada, who are natives of the United States and entitled to take and hold such lands. See *Estate of Tetsubumi Yano,* 188 Cal. 645, 649. The court included in its charge to the jury the above quoted provisions of section 9. Plaintiffs in error assert that the rule of evidence so declared violates the equal protection clause of the Fourteenth Amendment and also the treaty between the United States and Japan.

It is not, and could not reasonably be, suggested that the statute is repugnant to the due process clause. It does not operate to preclude any defense. The inference that payment of the purchase price by one from whom the privilege of acquisition is withheld and the taking of the land in the name of one of another class are for the purpose of getting the control of the land for the ineligible alien is not fanciful, arbitrary or unreasonable. There is a rational connection between the facts and the intent authorized to be inferred from them. The statute involves no attempt to relieve the prosecution of the burden of proving guilt beyond reasonable doubt. It merely creates a presumption which may be overcome by evidence sufficient to raise a reasonable doubt. See *Yee Hem* v. *United States, ante,* p. 178; *Mobile, J. & K. C. R. R.* v. *Turnipseed,* 219 U. S. 35, 43; *People* v. *Rodriguez,* 182 Cal. 197.

The statute is not repugnant to the equal protection clause. The rule of evidence applies equally and without discrimination to all persons—to citizens and eligible aliens as well to the ineligible. In the application of the law at the trial, no distinction was made between the citizen and the Japanese. Plaintiffs in error maintain that invalidity results from the fact that, where payment of the purchase price is made by an ineligible alien, the law creates a presumption of a purpose to pre-

vent, evade or avoid escheat, while no such presumption arises where such payment is made by a citizen or eligible alien. But there are reasonable grounds for the distinction. Conveyances to ineligible Japanese are void as to the State and the lands conveyed escheat. Payment by such aliens for agricultural lands taken in the names of persons not of that class reasonably may be given a significance as evidence of intent to avoid escheat not attributable to like acts of persons who have the privilege of owning such lands. The equal protection clause does not require absolute uniformity, or prohibit every distinction in the laws of the State between ineligible aliens and other persons within its jurisdiction. The State has a wide discretion and may classify persons on bases that are reasonable and germane having regard to the purpose of the legislation. *Truax* v. *Corrigan,* 257 U. S. 312, 337. This is well illustrated by the Alien Land Laws. *Terrace* v. *Thompson, supra,* 218; *Porterfield* v. *Webb, supra,* 233; *Webb* v. *O'Brien, supra,* 324; *Frick* v. *Webb, supra,* 333. The fact that in California all privileges in respect of the acquisition, use and control of the land for agricultural purposes are withheld from ineligible Japanese constitutes a reasonable and valid basis for the rule of evidence.

It is the third paragraph of Article I of the treaty that plaintiffs in error contend is violated. The treaty provision is, " The citizens or subjects of each of the High Contracting Parties shall receive, in the territories of the other, the most constant protection and security for their persons and property, and shall enjoy in this respect the same rights and privileges as are or may be granted to native citizens or subjects, on their submitting themselves to the conditions imposed upon the native citizens or subjects." It is plain that the treaty does not furnish any protection to Japanese subjects in this country against the application of a rule of evidence created

by state enactment that is not given them by the due process and equal protection clauses of the Fourteenth Amendment. As the law does not contravene these constitutional provisions, it must be held not to violate the treaty.

*Judgment affirmed.*