COMMONWEALTH *vs.* HERBERT COOPER.

Middlesex.   June 29, 1928.— September 12, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Arson. Attempt. Pleading, Criminal,* Indictment. *Practice, Criminal,* Amendment.

An indictment, charging that the defendant "did attempt to burn the building of . . . [another] and in such attempt did set a fire in the cellar of said building but did fail in the perpetration of said attempted offence . . . ," set forth no criminal offence known to the law of this Commonwealth.

The inclusion of the words "wilfully and maliciously" in such an indictment was indispensable; their omission was a defect of substance and was not permitted by the provisions of G. L. c. 277, § 33.

During the trial of the indictment above described, the district attorney was permitted to amend the indictment by the insertion of the words "wilfully and maliciously" in certain places so as to qualify the words "attempt to burn" and the setting of the "fire in the cellar." After the jury had returned a verdict of guilty, the trial judge denied a motion presented by the defendant in arrest of judgment on the ground that "the indictment does not . . . set forth any offense known to law." Upon an appeal by the defendant with an assignment of errors, it was *held,* that

   (1) The amendment permitted was not within the provisions of § 35A, added to G. L. c. 277, by St. 1926, c. 227;

(2) The allowance of the amendment was prejudicial to the defendant;

(3) The motion in arrest of judgment should have been allowed;

(4) The judgment must be reversed and the verdict set aside.

INDICTMENT, found and returned on May 24, 1927, and described in the opinion.

The indictment was tried before *Williams*, J., with the indictment in *Commonwealth* v. *Cooper*, *ante*, 368. During the trial, the district attorney filed a motion, described in the opinion, to amend the indictment, which was allowed. The defendant was found guilty and thereupon filed a motion in arrest of judgment on the ground that "the indictment does not describe or state the offense attempted to be committed or set forth any offense known to law." The motion was denied. The defendant saved exceptions to the allowance of the motion by the district attorney to amend, to the denial of the motion by the defendant in arrest of judgment, and in connection with sundry matters arising during the trial; and filed an appeal with an assignment of errors.

G. L. c. 277, § 33, reads in part as follows:

". . . An indictment shall not be considered defective or insufficient because it omits to allege that the crime was committed, or the act was done . . . 'wilfully', 'maliciously', . . . unless such description is an element of the crime charged . . . ."

The case was submitted on briefs.

*M. Caro & J. F. Barry*, for the defendant.

*R. T. Bushnell*, District Attorney, *& F. G. Volpe*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This indictment as returned by the grand jury charged that the defendant on a specified date at a designated place "did attempt to burn the building of Frances Winograd and in such attempt did set a fire in the cellar of said building but did fail in the perpetration of said attempted offence, and was intercepted and prevented in the execution of said attempted offence. Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided." No reference is

made in the indictment to a particular statute.  See as to attempts to commit crime G. L. c. 274, § 6.

The indictment in this form charged no criminal offence known to the law of this Commonwealth.  Arson was defined at common law as "the malicious and wilful burning the house or outhouse of another man."  4 Bl. Com. 220, 221.  By G. L. c. 266, §§ 1, 2, 3, 4 and 5, the crime of arson has been somewhat differentiated and other acts assimilated to that crime by including the burning not only of dwelling houses but of other classes of structures not embraced within arson at common law: but all these statutory descriptions of crime contain the words "wilfully and maliciously" as an integral part of the several offences there defined.  In this respect they stand on the same footing as arson at common law.  These words are essential.  They are not mere form.  They constitute the substance of the crime.  Without these indispensable words no crime is set forth.  They must be alleged in the indictment and proved at the trial.  Their omission is not insubstantial or technical but goes to the root of the whole matter.  Not infrequently an act done with an innocent purpose violates no law, and yet becomes unlawful when done with a malicious and wilful design to cause injury.  The act set forth in this indictment belongs to that class.

This point is covered by the authority of *Commonwealth* v. *Makely*, 131 Mass. 421, where it was held in a somewhat similar case that malice must be proved and that the burden of proof was not sustained where the burning was shown to have been at the procurement of the owner of the building.  It there was said at page 422, "The crime consists in the wilful and malicious burning . . . . It would not have been arson in Ackert [the owner] if he had himself burned his house."

The provisions of G. L. c. 277, § 33, do not permit the omission from the indictment of the averment that the attempt to burn was wilful and malicious.  It rather emphasizes the necessity of such averment by excepting from its provisions, to the effect that "wilfully, maliciously" need not be alleged, cases where "wilfully" and "maliciously" are words descriptive of "an element of the crime charged."

The district attorney attempted to remedy this defect in the indictment, after the trial had begun, by moving to amend the indictment by the insertion of the words "wilfully and maliciously" in two places so as thus to qualify the "attempt to burn" and also the setting of the "fire in the cellar." If the indictment had been returned so as to read as sought to be changed by the amendment, it would have been sufficient. This amendment was allowed against the exception of the defendant.

It is provided by St. 1926, c. 227, whereby § 35A was added to G. L. c. 277: "Upon motion of the district attorney or prosecuting officer, the court may order the complaint or indictment amended in relation to allegations or particulars as to which the defendant would not be prejudiced in his defence." As to the probable origin of this statute, see report of the Attorney General for the year ending November 30, 1925, page 10. No argument has been addressed to us touching the general validity, scope and limitations of this statute. We do not undertake to discuss broadly its provisions or to define its sweep. This decision is confined to the precise point raised. Here was a presentment by the grand jury which set out no offence. As it was framed originally the court was without jurisdiction to try the defendant or to sentence him. That question could have been raised at any stage of the proceedings. The court of its own motion would be bound to take notice of it. *Commonwealth* v. *Connor*, 155 Mass. 134. *Commonwealth* v. *Andler*, 247 Mass. 580, 582.

The amendment offered and allowed was not "in relation to allegations" of the so called indictment because there were no allegations in any proper sense in the indictment as presented by the grand jury. It was a piece of waste paper so far as concerned the charge of any crime. The amendment inserted "allegations" where there were no preëxisting allegations. Manifestly the amendment was not "in relation to . . . particulars," because there can be no particularization of something nonexistent. What happened was that the defendant began his trial upon a presentment by the grand jury which charged him with no crime whatever. He need not call a witness or take the stand in order to be entitled as

matter of right to a discharge. In the midst of the trial, by virtue of the allowance of the amendment offered by the district attorney, the defendant was confronted with the charge of a felony of considerable magnitude, a crime for which he could be prosecuted only upon an indictment by the grand jury. *Jones* v. *Robbins*, 8 Gray, 329. *Commonwealth* v. *Horregan*, 127 Mass. 450. *Opinion of the Justices*, 232 Mass. 601, 602. It is impossible in these circumstances that "the defendant would not be prejudiced in his defence." The amendment offered by the district attorney did not come within the descriptive words of said c. 227. See in this connection *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277; *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231; *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6; *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, 14.

The case at bar is distinguishable from *Commonwealth* v. *Holley*, 3 Gray, 458, where the amendment concerned a court record over which the grand jury had no discretion, and from *Commonwealth* v. *Gedzium*, 259 Mass. 453, where the indictment as presented by the grand jury charged the offence of which the defendant was convicted.

It follows that the motion to amend the indictment ought not to have been allowed and that the motion in arrest of judgment ought to have been granted.

The ground upon which this decision rests is decisive and other questions need not be discussed in detail.

There was no error in the refusal to give the request that the defendant could be convicted only upon proof of malice and wilfulness toward the particular owner as a specific intent. The charge upon this point was full and complete. *Commonwealth* v. *Hosman*, 257 Mass. 379, 384, 385, and cases there cited.

The other assignments of error need not be discussed. The defendant was not harmed by any of the rulings or refusals to rule. There was no error in the admission or exclusion of evidence.

> *Judgment reversed.*
> *Verdict set aside.*