# GENE RICKMAN v. STATE.

No. A-9673.   Oct. 9, 1940.
(106 P. 2d 280.)

Smith & Walker, of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant Gene Rickman was charged, with one Adolph Burns, in the district court of Ottawa county with the alleged offense of burglary in the second degree; was tried, convicted and sentenced to serve a term of five years in the State Penitentiary; and has appealed.

The criminal complaint against the defendant was filed on January 31, 1938, and reads as follows:

"In the Name and by the Authority of the State of Oklahoma: Now comes W. S. Goodwin and being duly sworn, on oath states that Adolph Burns and Gene Rickman did, in Ottawa County, State of Oklahoma, on or about the 29th day of January, 1938, and prior to the making of this complaint, commit the crime of Burglary in the Second Degree, in the manner and form as follows, to wit:

"Said defendant then and there being did then and there willfully, unlawfully, wrongfully, burglariously and feloniously break and enter the ———— located at No. ———— Commerce Street, in the City of Commerce, Ottawa County, Oklahoma, said breaking and entering being in the nighttime and being gained by removing a plate glass window from the southwest side of the said store, in which said store was contained at said time of breaking and entering, personal property, belonging to the said A. B. Poteet Grocery store, with the willful, unlawful and felonious intent on the part of the said defendants to steal said personal property therein contained and to permanently deprive the true owner thereof, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma.

"Subscribed and sworn to before me this 31st day of January, 1938.

"John H. Venable, Sitting as an
Examining Magistrate."

"The within named defendants, Adolph Burns and Gene Rickman, having waived their right to a preliminary examination herein, I order that they be held to answer the same. And that they are hereby committed to the Sheriff of Ottawa County, Oklahoma.

"And that they be admitted to bail in the sum of $1500.00 each, and committed to the Sheriff of the County of Ottawa, State of Oklahoma, until said bail be given.

"John H. Venable, County Judge, sitting as an examining magistrate."

On March 8, 1938, an information was filed in the district court of Ottawa county which reads as follows:

"In the Name and by Authority of the State of Oklahoma: Now comes William E. Poteet, the duly qualified and acting County Attorney, in and for Ottawa County, State of Oklahoma, and gives the District Court of said County and State, to know and be informed that Adolph Burns and Gene Rickman did in said County and State on or about the 29th day of January, in the year of Our Lord, One Thousand, Nine Hundred and Thirty-eight, and anterior to the presentment hereof, commit the Crime of Burglary in the Second Degree in the manner and form as follows, to wit:

"Said defendants then and there being did then and there willfully, unlawfully, wrongfully, burglariously and feloniously break and enter the A. B. Poteet Grocery Store located at 419 Commerce Street in the City of Commerce, Ottawa County, Oklahoma, said breaking and entering being in the night time and being gained by removing a plate glass window from the Southwest side of the said store, in which said store was contained at said time of breaking and entering, personal property belonging to the said A. B. Poteet Grocery Store, with the willful, unlawful and felonious intent on the part of the said defendants to steal said personal property therein con-

tained and to permanently deprive the true owner thereof, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State of Oklahoma."

Upon arraignment of the defendant on March 17, 1938, the defendant filed two motions to quash the information, which motions read as follows:

"And now come the defendants, and each of them, and move the court to quash, set aside and hold for naught the purported information herein filed against the defendants for the following reasons and upon the following grounds, to wit:

"1. Because said information is void in that the same does not charge the commission of a public offense.

"2. Because said information is insufficient in form and substance to charge the commission of a public offense against the laws of the State of Oklahoma.

"3. Because the court is without jurisdiction in the premises.

"Said defendants pray, therefore, that they, and each of them be discharged."

"Come now the defendants, and each of them, and move the court to set aside and quash the information herein filed, and to dismiss the purported cause herein and to discharge said defendants for the following reasons, to wit:

"1. Because said defendants have had no preliminary hearing, as provided by law, upon a valid information.

"2. Because no proper charge has ever been lodged against said defendants, and said defendants were never charged with the commission of a public offense before a committing, or examining magistrate.

"3. Because the so-called 'Complaint' filed against said defendants, before the examining magistrate, was, and is, insufficient in law to charge the commission of a public offense and because said complaint did not, and does not, charge the commission of a public offense and did not confer jurisdiction of the subject matter upon and in said committing magistrate."

The court properly treated one of these motions as a demurrer to the information, sustained the same, and gave the county attorney permission to file an amended information. The other motion to quash attacking the sufficiency of the preliminary complaint was overruled, and an exception allowed the defendant.

On March 19, 1938, an amended information was filed, the charging part of which reads as follows:

"Said defendants then and there being did then and there willfully, unlawfully, wrongfully, burglariously and feloniously break and enter a certain brick building located at 419 Commerce Street in the City of Commerce, Ottawa County, Oklahoma, in which said building is located the A. B. Poteet Grocery Store, said breaking and entering being in the nighttime, and being gained by removing a plate glass window, or a portion thereof, from the west side of the front of said building, in which said building was contained at the time of said breaking and entering, personal property belonging to W. S. Goodwin, with the willful, wrongful, unlawful and felonious intent on the part of the said defendants to take, steal and carry away said personal property therein contained and to permanently deprive the true owner thereof, and to convert the same to their own use and benefit contrary to the form of the statutes in such case made and provided against the peace and dignity of the State of Oklahoma."

After the filing of this amended information the defendant re-interposed his demurrer and motion to quash thereto, which were overruled and an exception was allowed to the defendants.

Later, and on the date the case was called for trial, the defendants objected to the introduction of evidence for the reason that the date shown in the information stated an impossible offense for the reason that the information was filed on March 19, 1938, and recited that the offense was committed on March 29, 1938. When this defect was called to the court's attention, he allowed the acting county

attorney to further amend the information by changing the date from March 29, 1938, to January 29, 1938, which was the date set forth in the preliminary complaint and in the original information filed in the district court.

After this amendment was made, the attorney for the defendant asked for a continuance of the cause, which the court overruled, and ordered the defendant to trial.

The defendant first contends that the court erred in denying a continuance when this amendment was made to the amended information. Section 2830, O. S. 1931, 22 Okla. St. Ann. § 304, provides, in substance, that a trial shall not be delayed by reason of an amendment to the information unless for good cause shown by affidavit. The defendant has not pointed out any place where this amendment has prejudiced him in any particular. The date is the same as that charged in the preliminary complaint and the original information. It was purely a clerical error in the preparation of the amended information that caused the insertion of the date of March 29, 1938. The insertion of this amendment did not affect the defense to the charge; and in the absence of any showing of prejudice, the defendant was not entitled to a continuance.

It is next contended that the court erred in overruling defendant's motion to quash the information and in overruling his demurrer to the information as finally amended. In connection with his motion to quash the amended information, the defendant calls the court's attention to the fact that the preliminary complaint does not give a description of the building alleged to have been entered, and does not allege the name of the owner of the building, and was not sufficient to charge an offense, and, therefore, insufficient to confer jurisdiction upon the committing magistrate to bind the defendant over to the district court.

It is well settled in this jurisdiction that where the defendant waives the right to a preliminary examination, and no evidence is offered by the state, the charge in the information must be substantially the same as that stated in the complaint. However, it is not necessary that all the details and technical allegations required in an information should be stated in the complaint before the magistrate; it is sufficient that the judicial facts appear, including a statement in ordinary language of the acts or omissions constituting the offense intended to be charged. Wade v. State, 18 Okla. Cr. 592, 197 P. 180.

The averments in the original complaint must be sufficient to apprise the accused that he would be required to meet a charge of burglary in the second degree, since all that can be required of the preliminary complaint is that there shall be a statement containing the substantial facts of the offense intended to be charged in order that the defendant be informed of the nature and cause of the offense charged against him. Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332.

It was held in Lewis v. State, 39 Okla. Cr. 119, 263 P. 473, that in filing such information, the county attorney may not substitute one offense for another, but the information may vary in charging circumstance, methods, or means, or in formal and nonessential matters of the crime; or, where the offense is divided into degrees, or where a higher offense includes a lower, he may file an information charging any of the degrees, or any included offense, so long as the offense charged in the information is the same as the offense for which accused was held.

As to the jurisdiction of the court, it is stated in Muldrow v. State, supra, the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution for a felony by infor-

mation. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by an examining magistrate that the particular offense charged has been committed, or that a felony other than that charged, as shown by the testimony upon the examination, has been committed, and stating generally the nature thereof, and that there is sufficient cause to believe the defendant guilty thereof, that authorized the county attorney to file an information in the district court charging the offense named in the preliminary complaint, when examination has been waived.

In Paul v. State, 41 Okla. Cr. 164, 272 P. 485, it is stated:

"Where a charge of felony is made before a committing magistrate and the accused waives a preliminary examination and is held for the action of the district court for the charge contained in the preliminary complaint, the county attorney is authorized to file an information charging the offense defined in the preliminary complaint. Under section 2512, Comp. Stat. 1921, 22 Okla. St. Ann. § 304, such information may be amended in the district court so long as the amended information charges substantially the same offense as that charged in the preliminary complaint." Section 2830, O. S., 1931, 22 Okla. St. Ann. § 304. Johnson v. State, 21 Okla. Cr. 17, 204 P. 311.

We have heretofore held that:

"An indictment which charges a breaking and entering with intent to commit larceny is sufficient. It need not be alleged who owned the goods that were in the building, nor whose goods defendant intended to steal." Wilson v. State, 50 Okla. Cr. 310, 297 P. 826, Hames v. State, 54 Okla. Cr. 341, 20 P. 2d 915.

The defendant cites the case of Simpson v. State, 5 Okla. Cr. 57, 113 P. 549, 550, wherein we held:

"The great weight of authority holds that an indictment for burglary, whether at common law or under

statute, must allege every fact and circumstance which is necessary to constitute the offense with sufficient certainty as to time, place, ownership, and description of the premises, to inform the accused of the particular crime of which he is charged."

We think this case states the correct rule. The county attorney should have been more careful in the preparation of the preliminary complaint. It is defective; and were it not for the fact that the guilt of the defendant is so apparent, this court would not hesitate to reverse this cause and order all of the proceedings vacated, with the county attorney forced to institute a preliminary complaint in conformity with the statutes and decisions of this court. The contention of the defendant, however, is wholly technical, and the defects complained of did not in any manner prejudicially affect the defendant. He knew from the information the exact building he was charged with having entered, and prepared his defense, which is as thorough as he possibly could have prepared the same, if the technical defects in the preliminary complaint had been corrected.

Early in the history of this court, the court adopted the doctrine of harmless error. In substance, this means that where a record, although disclosing many errors, shows that the proof is clear that the defendant was fairly tried and properly convicted and that the errors complained of are not prejudicial to his rights, the judgment of conviction will be affirmed. The record must show that the conviction was a miscarriage of justice. Offitt v. State, 5 Okla. Cr. 48, 113 P. 554; Ray v. State, 35 Okla. Cr. 322, 250 P. 438; Newman v. State, 35 Okla. Cr. 296, 250 P. 554; Brown v. State, 9 Okla. Cr. 382, 132 P. 359.

When the evidence in a case is clear as to the guilt of an appellant, and there is no reason to believe that upon a second trial an intelligent and honest jury can

arrive at any other verdict than that of guilt of the accused, the judgment of the lower court will not be set aside for anything less than fundamental errors. Dusty legal cobwebs should never be permitted to obscure justice. Carter v. State, 6 Okla. Cr. 232, 118 P. 264; Suitor v. State, 6 Okla. Cr. 305, 118 P. 412; Smith v. State, 6 Okla. Cr. 380, 118 P. 1003.

The defendant raises no question in his brief filed herein of the sufficiency of the evidence to sustain the conviction.

This court is not in sympathy with questions arising on an appeal which are wholly technical in their nature. The defendant was seen by the night watchman about 2 o'clock, a. m., walking with another man alongside the building which had been burglarized. Eight radios had been taken from the store and piled behind the building in the alley. Evidently the defendant had not completed his job as he was coming alongside of the building when he was caught by the night watchman. He attempted to flee, but was caught. The other man who was with him got away.

In the defendant's car parked across the street from the store which was burglarized was found a screwdriver, a brace and bit, a hack saw, a keyhole saw, and a bar of soap, all apparently having been used in connection with the removal of the window pane from the store building which was burglarized.

The defendant had previously served a term of imprisonment in the State Penitentiary in the state of Kansas for the offense of robbery.

The defendant attempted to explain his presence there at the Poteet Store in the middle of the night, but the jury did not believe his explanation; and it is apparent to us that no reasonable jury could fail to convict the

defendant on this charge. He was charged in the information along with Adolph Burns. The two men were tried together, and the jury returned a verdict convicting both men. Later upon the hearing upon the motion for a new trial, the court granted a new trial to Burns; and the charge against him was later dismissed by the county attorney. A great part of the evidence in the case was directed at the defendant Adolph Burns in an attempt to connect him with the burglary. The admission of this evidence might possibly have prejudiced the jury in some manner against the defendant Gene Rickman. In view of the fact that the guilt of the defendant is clearly proven and that the best that he could possibly gain by reversal of this case would be to secure the minimum punishment for the offense charged, this court will not reverse the judgment of the lower court in connection with the technical errors heretofore pointed out, but believe that the ends of justice require a modification of the sentence imposed on the defendant.

It is, therefore, ordered that the sentence of the defendant be modified and reduced from a term of five years' imprisonment in the State Penitentiary to a term of imprisonment of two years in the State Penitentiary.

The judgment and sentence, as thus modified, is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.