## ETHEL POTTS v. STATE.

No. A-9801. May 21, 1941.
(113 P. 2d 839.)

Frank Hickman, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for the State.

BAREFOOT, P. J.  Defendant, Ethel Potts, was charged jointly with Mary Davis in the district court of Muskogee county with the crime of "larceny from a building", was tried, convicted and sentenced to serve a term of six months in the penitentiary, and has appealed.

The statute upon which the information in this case was based is Oklahoma Session Laws 1937, chapter 15, article 7, p. 14, secs. 1 and 2; O. S. A. title 21, secs. 1723 and 1724, which are as follows:

(1) "Any person entering and stealing any money or other thing of value from any house, railroad car, tent, booth or temporary building shall be guilty of larceny from the house.  Larceny from the house is declared to be a felony."

(2) "Any person convicted of larceny from the house shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed five (5) years."

For reversal of this case it is contended: First, that the trial court erred in overruling defendant's demurrer

to the information and in overruling the motion to quash the information as amended and in overruling the demurrer to the information as amended. Second, the verdict and judgment are contrary to law and are not supported by sufficient evidence.

The record reveals that the preliminary complaint filed in the justice of the peace court charged that the defendant: "* * * did, then and there, knowingly, willfully, wrongfully, stealthily and feloniously enter a building, located at 411 West Broadway street, in the city of Muskogee, Muskogee county, Oklahoma, the same being J. C. Penny & Company, and then and there a place where personal property was and is kept, with the unlawful, stealthful and felonious intent on the part of the said Ethel Potts and Mary Davis to take, steal and carry away, without the knowledge and consent and against the will of the said J. C. Penny & Company, certain personal property * * *," but did not allege that defendant stole any money or property therefrom. The defendant waived preliminary hearing, no evidence being taken, and was held to answer in the district court. The county attorney filed an information in the district court charging the alleged offense in the same language as set forth in the preliminary complaint. The defendant filed a demurrer thereto on the grounds that the facts stated in the information did not constitute a felony under the statutes of the state. The day the case was set for trial the court permitted the county attorney to amend the information by interlineation and by inserting the words, "did take and steal personal property situated therein." Motion to quash the amended information was filed which set forth five grounds, as follows:

"(1) That said information, as amended, does not substantially conform to the requirements of the statutes.

"(2) That these defendants have never been afforded a preliminary trial or hearing upon the charge contained in said information, as amended, nor waived such preliminary hearing.

"(3) That the charge contained in said information, as amended, is not the charge for which defendants were held to answer by the preliminary magistrate.

"(4) That neither the preliminary complaint nor the transcript of the preliminary magistrate shows what offense these defendants were held to answer for, and that therefore the county attorney is without authority to file any information in this court."

When this motion was overruled, a demurrer to the amended information was filed, overruled and exceptions saved. It is contended that the above errors were sufficient to cause a reversal of this case.

It will be noted that the statute above quoted and upon which this prosecution is based requires that before one can be charged thereunder, there must be an "entering and stealing". The statute does not include an "intent to steal." In this it is different from the burglary statute, Oklahoma Statutes 1931, sec. 1931, O. S. A. title 21, sec. 1435, which provides:

"Every person who breaks and enters in the day time or in the night time, either: * * *

"2. Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

In this statute it states, "with intent to steal therein". No doubt when the original complaint and information was filed in this case the county attorney had in mind the above statute. It will be noted that the statute here under consideration does not make an "intent to steal" a

crime, and the complaint originally filed in the justice of the peace court and the information filed in the district court did not state facts sufficient to constitute a crime under the statute. Under this statute one might enter a house with the intent to steal, but unless he actually stole money or property, no crime was committed.

It has been the holding of this court that, where one is charged in a justice of the peace court by preliminary complaint and an examining trial has been had and the defendant held to the district court, the county attorney is authorized to file an information in the district court upon any reasonable charge which the facts at the preliminary examination justify, and that if a preliminary is waived, as was done in this case, he may file an information in substantial compliance with the complaint filed before the justice of the peace. Rickman v. State, 70 Okla. Cr. 355, 106 P. 2d 280; Little v. State, 21 Okla. Cr. 1, 204 P. 305; Wade v. State, 18 Okla. Cr. 592, 197 P. 180; Johnson v. State, 21 Okla. Cr. 17, 204 P. 311.

The demurrer and motion to quash the amended information raises the question that the amendment by interlineation in the instant case permitted the information to state a crime when in truth and in fact no crime was charged in the original information. With this contention we are inclined to agree. This seems to be in accord with the universal holdings, not only of this court, but of authorities in general. See notes, 7 A. L. R. 1516, 68 A. L. R. 928, 101 A. L. R. 1254. People v. Cockrill, 62 Cal. App. 22, 216 P. 78; Cockrill v. People of California, 268 U. S. 258, 45 S. Ct. 490, 69 L. Ed. 944; Commonweath v. Cooper, 264 Mass. 378, 162 N. E. 733, 734. In the last case cited the court says:

"Here was a presentment by the grand jury which set out no offense. As it was framed originally the court

was without jurisdiction to try the defendant or to sentence him. That question could have been raised at any stage of the proceedings. The court of its own motion would be bound to take notice of it. Commonwealth v. Connor, 155 Mass. 134, 29 N. E. 204; Commonwealth v. Andler, 247 Mass. 580, 582, 142 N. E. 921.

"The amendment offered and allowed was not 'in relation to allegations' of the so-called indictment because there were no allegations in any proper sense in the indictment as presented by the grand jury. It was a piece of waste paper so far as concerned the charge of any crime. The amendment inserted 'allegations' where there were no pre-existing allegations. Manifestly the amendment was not 'in relation to * * * particulars,' because there can be no particularization of something nonexistent. What happened was that the defendant began his trial upon a presentment by the grand jury which charged him with no crime whatever. He need not call a witness or take the stand in order to be entitled as a matter of right to a discharge. In the midst of the trial, by virtue of the allowance of the amendment offered by the district attorney, the defendant was confronted with the charge of a felony of considerable magnitude, a crime for which he could be prosecuted only upon an indictment by the grand jury. Jones v. Robbins, 8 Gray [Mass.] 329; Commonwealth v. Horregan, 127 Mass. 450; Opinion of the Justices, 232 Mass. 601, 602, 123 N. E. 100. It is impossible in these circumstances that the defendant would not be prejudiced in his defense.' "

Oklahoma Statutes 1931, section 2830, O. S. A., title 22, sec. 304, provides as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In construing this statute this court has always given thereto a liberal construction and has generally held that amendments to an information were permissible, especially if based on a technicality. But we have never held that where the information fails to state facts sufficient to constitute a crime, an amendment may be made which permits a crime to be alleged and which causes material prejudice to the rights of the defendant. We have also held that an information which alleges a crime may not be amended to charge a defendant with another and separate crime from the one alleged in the original information and one that was not an included offense.

In the case of Kelly v. State, 12 Okla. Cr. 208, 153 P. 1094, 1097, in any early opinion, Judge Doyle rendering the opinion, said:

"Under the provision of the Constitution already quoted, the defendant in a criminal case has the right to be informed as to the acts which he has committed which constitute his supposed crime; he cannot be charged in the preliminary complaint and in the information with one offense, and upon his trial be convicted of another different offense, unless the same is included in the offense charged and embraced within the allegations of the information."

In Little v. State, 21 Okla. Cr. 1, 204 P. 305, the court says:

"In prosecutions for felony by informations, no amendment to the information in the trial court is permissible, either before or after plea, which has the effect of charging an offense for which no preliminary examination had been given or waived by the defendant."

In Rickman v. State, 70 Okla. Cr. 355, 106 P. 2d 280, 281, Judge Jones in delivering the opinion of the court says:

"Where the defendant waives the right to a preliminary examination, and no evidence is offered by the state, the charge in the information must be substantially as that stated in the preliminary complaint."

And:

"Where the defendant waived a preliminary examination and no proof was taken by the state, a motion to quash an information should be sustained if the allegations contained in the information vary in some material matter from those set forth in the criminal complaint."

In the case of Paul v. State, 41 Okla. Cr. 164, 272 P. 485, Judge Edwards in the syllabus says:

"Where a charge of felony is made before a committing magistrate and the accused waives a preliminary examination and is held for the action of the district court for the charge contained in the preliminary complaint, the county attorney is authorized to file an information charging the offense defined in the preliminary complaint. Under section 2512, Comp. Stat. 1921, 22 Okla. St. Ann. § 304, such information may be amended in the district court so long as the amended information charges substantially the same offense as that charged in the preliminary complaint."

But in the body of the opinion he states:

"If the record before us disclosed that the amended information charged an offense different from that charged in the preliminary complaint upon which the preliminary was waived, this case would necessarily be reversed."

In the case of White v. State, 23 Okla. Cr. 198, 214 P. 202, the amendment was permitted because a crime was charged, although imperfectly, in the original information, but in the case at bar the original information did not charge a crime under the statute.

In the case of Arms v. State, 49 Okla. Cr. 34, 292 P. 76, 77, it is said:

"It is, of course, not permissible to allow an amendment to change the nature of the offense or to charge a different offense."

It will thus be seen that, while a case involving the identical facts of the case at bar has not been before this court, the principle involved has many times been considered. It appearing that the original information not having charged a crime under the statute, this court erred in permitting an amendment to be filed by interlineation on the day the case was set for trial which so changed the information that it charged a crime under the statute. The record was protected by the filing of a motion to quash and by a demurrer to the amended information. The same should have been sustained.

It is also urged that the amended information fails to allege facts sufficient to constitute a crime under the statute upon which this prosecution is based, it being contended that the statute names five specific places where it is unlawful to enter and steal money or property, viz., "any house, railroad car, tent, booth or temporary building", and that it was not the intent to include therein a building such as a store where people are invited to enter and trade at all times. While it is not necessary to pass upon this question at this time, in view of what we have heretofore stated, we will say that this raises a very serious question, and there is much doubt in our minds that the Legislature intended to include a store in this enumeration. If they did, it would have been very easy for them to have so stated. If they did so intend, it would mean a wiping out of existence the petit larceny statute of this state when property was stolen from a store building. The property alleged to have been stolen in the instant case was two dresses of the value of $13.80, but if an orange of the value of five cents or any other property of

a value less than $20 had been stolen, the party would be guilty of a felony and would be sent to the penitentiary. We think there is grave doubt as to whether it was the intention of the Legislature that the terms of this statute should include a building operated as a store where the public is invited to enter and trade. It becomes unnecessary to consider the question of the sufficiency of the evidence in this case.

For the reasons above stated the judgment of the district court of Muskogee county is reversed.

JONES, J., concurs. DOYLE, J., absent.