Clifford PRESTAGE, Jr., Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12806.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1959.

Malcolm Baucum, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Clifford Prestage, Jr., hereinafter referred to as the defendant, was charged by information in the District Court of Comanche County with the crime of "Maintaining A Gambling Nuisance." He was tried before a jury who found the defendant guilty and assessed his punishment at four (4) years in the state penitentiary.

Defendant lodges his appeal in this court in due time and advances three assignments of error upon which he relies for reversal as follows:

1. The Court erred in permitting the county attorney to amend the information after defendant had entered his plea of "Not Guilty" and announced ready for trial, over the objection of defendant; the original information not charging the commission of a public offense.

2. The Court erred in overruling defendant's motion to suppress evidence.

3. The court erred in overruling defendant's demurrer to the evidence interposed at the conclusion of the

state's case, and at the conclusion of all the evidence.

The contentions of error advanced by the defendant are meritorious and deserve consideration as to why this judgment of conviction should be reversed; but in view of the conclusion to which we have arrived it becomes unnecessary to consider any of them except the single proposition that the court erred in permitting the county attorney to amend the information when the case was called for trial.

The record reflects that the defendant was charged by complaint in the justice court with the crime of 'maintaining a gambling nuisance.' The pertinent portion of the complaint is set forth in the following language:

"Oral Ridgeway, of lawful age, being duly sworn, upon his oath, deposes and says: That at and within the County of Comanche and State of Oklahoma, on the 9th day of March, 1958, Clifford Prestage, Jr., then and there being, did then and there, wilfully, wrongfully and unlawfully, and feloniously maintain a public nuisance, by being the keeper and manager of such nuisance, in that a certain gambling game, towit: poker, was opened, conducted and carried on in the premises at 109½ "I" Avenue, Lawton, Comanche County, Oklahoma, and various divers persons were permitted by the said Clifford Prestage, Jr. to congregate in said place to play at said game, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

Upon this complaint the defendant was bound over to the Superior Court to stand trial. The county attorney filed an information in the Superior Court, the charging part of which read identically to that related to the original complaint.

When the case was called for trial in the Superior Court of Comanche county, the county attorney moved to amend the information. The proceedings were as follows:

"By Mr. Crane: I would like to make a motion to amend our information by interlineation to add ' * * * by being the keeper and manager of such nuisance, in that a certain gambling game, to-wit: poker, was opened, conducted and carried on in the premises at 109½ "I" Avenue, Lawton, Comanche County, Oklahoma, for money and chips as representatives of value. * * *'

"By Mr. Rhoads: We think that is a material allegation and as such, we would like to ask for a continuance past the term of court, if granted.

"Mr. Crane: Of course, the evidence would be no different.

"The Court: I would be willing for you to have more time. I could continue it until Monday or Tuesday of next week.

"Mr. Rhoads: I don't believe that would be time enought for us to get our witnesses ready to go, Judge. We would like to enter an objection to the amendment as being a material change in the information, and have our exceptions.

"The Court: Overruled and exceptions allowed.

"Mr. Hughes: At this time we move that the case be continued during this term of court as the amendment comes as a surprise and we are not in a position to defend against it.

"The Court: I will overrule the motion for the term, however, I will set the case for any day to be tried next week. I will specially set it for Monday.

"Mr. Hughes: That wouldn't give us sufficient time and so we will be ready for trial tomorrow."

No doubt the state in moving to amend the information had recognized the insufficiency of the same as had been previously an-

nounced by this court in the case of Morgan v. State, 7 Okl.Cr. 45, 121 P. 1088, wherein the court said:

"An indictment which charges a person with playing a game of poker, but which fails to charge that the person was playing such game for money or other representative of value does not state a public offense against our statute."

This court also stated the rule in the case of Proctor v. State, 9 Okl.Cr. 81, 130 P. 819, as follows:

"An indictment which charges a person with conducting the prohibited game of roulette for value, but which fails to charge that the persons who played at the game were playing for money, or a representative of value, does not charge a public offense under our statute."

The defendant advances the argument in his brief before the court that the original complaint as well as the information filed in the District Court, by failing to allege that the game of poker was played for money or a representative of value, did not state the commission of a crime under our statutes. This court in an opinion by Judge Davenport in the case of McCarty v. State, 46 Okl.Cr. 332, 287 P. 1053, 1054 states:

"An information is sufficient, if it pleads every element essential to charge the crime pleaded, in plain, concise, and intelligible language, and apprises the defendant in an intelligible way of precisely what he must be prepared to meet."

It is an elementary principle in criminal jurisprudence that every material fact essential to the commission of a criminal offense must be alleged in the indictment or information.

There can be no conviction or punishment for a crime without a formal and sufficient accusation. In the absence thereof the court acquires no jurisdiction whatever, and if it assumes jurisdiction, the trial and conviction are a nullity.

Also see Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 429, 190 P.2d 838.

■ In view of the previous holdings of this court we have no alternative but to agree with this contention.

■ The objection to the amendment when the case was called for trial raises the question as to whether the state in the instant case erred in permitting the information to be revised to state a crime when in truth and in fact no crime was charged in the original information.

The statute of this state provides that an information may be amended as provided in Tit. 22 O.S.A. § 304:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In construing this statute, this court said in the case of Potts v. State, 72 Okl.Cr. 91, 113 P.2d 839, 841:

"* * * this court has always given thereto a liberal construction and has generally held that amendments to an information were permissible, especially if based on a technicality. But we have never held that where the information fails to state facts sufficient to constitute a crime that an amendment may be made which permits a crime to be alleged and which causes material prejudice to the rights of the defendant. * * *"

The following syllabus was adopted in the Potts decision, supra,

"Where no crime was alleged in the preliminary complaint, or information filed in the district court, it was error for the court to permit an amendment by interlineation at the time the case was called for trial, which charged a crime against the defendant. This con-

stituted a material variance prejudicial to the rights of the defendant."

This appears to be the law of other jurisdictions as well as this state. Dodge v. U. S., 2 Cir., 258 F. 300, 7 A.L.R. 1516; Com. v. Snow, 269 Mass. 598, 169 N.E. 542, 68 A.L. R. 928; State ex rel. Wentworth v. Coleman, 121 Fla. 13, 163 So. 316, 101 A.L.R. 1254; People v. Cockrill, 62 Cal.App. 22, 216 P. 78; 268 U.S. 258, 45 S.Ct. 490, 69 L. Ed. 944; Commonwealth v. Cooper, 264 Mass. 378, 162 N.E. 733, 734.

This point of law was well discussed in the Cooper case, supra, and is in line with the thinking of this court.

In the Cooper case, supra, the defendant was indicted for the crime of arson. The indictment did not include the words "wilfully and maliciously" which were an integral part of the crime as defined by statute. At the time of the trial the District Attorney attempted to remedy the defect in the indictment by moving to amend the indictment by inserting the necessary words "wilfully and maliciously." The amendment was allowed against exception of the defendant:

"Here was a presentment by the grand jury which set out no offense. As it was framed originally the court was without jurisdiction to try the defendant or to sentence him. That question could have been raised at any stage of the proceedings. The court on its own motion would be bound to take notice of it. Commonwealth v. Connor, 155 Mass. 134, 29 N.E. 204; Commonwealth v. Andler, 247 Mass. 580, 582, 142 N.E. 921.

"The amendment offered and allowed was not 'in relation to allegations' of the so-called indictment because there were no allegations in any proper sense in the indictment as presented by the grand jury. It was a piece of waste paper so far as concerned the charge of any crime. The amendment inserted 'allegations' where there were no pre-existing allegations. Manifestly the amendment was not 'in relation to * * * particulars,' because there can be no particularization of something nonexistent. What happened was that the defendant began his trial upon a presentment by the grand jury which charged him with no crime whatever. He need not call a witness or take the stand in order to be entitled as matter of right to a discharge. In the midst of the trial, by virtue of the allowance of the amendment offered by the district attorney, the defendant was confronted with the charge of a felony of considerable magnitude, a crime for which he could be prosecuted only upon an indictment by the grand jury. Jones v. Robbins, 8 Gray, Mass., 329; Commonwealth v. Horregan, 127 Mass. 450; In re Opinion of the Justices, 232 Mass. 601, 602, 123 N.E. 100. It is impossible in these circumstances that 'the defendant would not be prejudiced in his defense.' "

It is conclusive that defendant was bound over to District Court upon a complaint insufficient in its allegation to state a crime. Essential elements of the crime were omitted, to-wit: "that the game of poker was being played for money or a representative of value." The information filed in Superior Court likewise was lacking in these essential elements. The information was insufficient to give the court jurisdiction. The amendment constituted a material change. The information by the amendment was made to state a crime where prior thereto it failed to allege the essential elements of the crime. Upon the newly stated crime the defendant had not been afforded a preliminary hearing. The court was without jurisdiction and erred in permitting the amendment to be made. It was prejudicial to the rights of the defendant and calls for reversal.

Though it is unnecessary to dwell further upon the other assignments of error the court considers it wise to call attention to the argument as to the sufficiency of the evidence in proving the defendant the "keeper and manager of the alleged nuisance." It is to be noted that

the validity of the search was raised when the defendant filed a motion to suppress the evidence. The argument advanced by by the county attorney in support of overruling the motion to suppress was as follows:

"We have shown who owns the property, Mr. Epps. We have shown who had full charge and she says to her knowledge Clifford Prestage, Jr., (the defendant) never rented the property from her. With that state of affairs it seems to me whether or not there is a search warrant is a moot question because the only one who could complain of an improper search warrant under these circumstances would be the person who had rented the property who had a propriety interest from the standpoint of being a tenant. This evidence shows that Clifford Prestage was neither a tenant nor an owner of that property during the time in question, and if the search was illegal that illegality would not run to someone in the house merely as a guest or a trespasser."

The trial court overruled the motion to suppress obviously upon the grounds that the defendant did not have such an interest in the property as would permit him to object to an illegal search and seizure. Yet, under the statute upon which the charge was filed, Tit. 21 O.S.A. § 946, it is necessary that the state prove that the defendant was the keeper and manager of a place where other people congregated to play poker for money or a representative of value and the most essential element to be proven as far as the defendant is concerned is that he was the keeper and manager of the place. Though the matter is not passed upon herein it may prove difficult to reconcile the dual position of the state in contending that defendant was void of any interest in the premises yet was the manager and keeper of the place. This is especially true in view of the weakness of the state's testimony in support of the allegation that defendant was the manager and keeper of the place and was conducting the game for

money or a representative of value. This court would suggest that upon considering the refiling of said cause the county attorney review the following cases: Dougherty v. State, 16 Okl.Cr. 97, 180 P. 720; Hanks v. State, 54 Tex.Cr.R. 1, 111 S.W. 402, 17 L.R.A.,N.S., 1210; Phillips v. State, 64 Okl.Cr. 454, 82 P.2d 246. An early discussion of the required proof of being a keeper may be found in Nelson v. Territory, 5 Okl. 512, 49 P. 920.

In view of there being numerous people congregated at the place in question at the time of arrest, this matter on retrial could be clarified if effort is made to obtain them as witnesses. However, proposition number one is sufficient for reversal and it is therefore ordered that the judgment and sentence of the District Court of Comanche county is reversed and remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.