## JIM WADE v. STATE.

No. A-3533—Opinion Filed April 27, 1921.

(197 Pac. 180.)

(Syllabus.)

1.   **INDICTMENT AND INFORMATION—Preliminary Examination —Basis for Information in Felonies.** Under Const. art. 2, § 17, providing for the prosecution of felonies by information, after examination and commitment before an examining magistrate, or the defendant having waived such preliminary examination, it is the fact there was a preliminary examination, or a waiver thereof and a judicial determination thereon by the examining magistrate that the offense charged in the complaint, or that a felony other than that charged, as shown by the examination, has been committed, and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information for the offense charged in the complaint when an examination has been waived, or for the offense shown by the evidence on the examination, for which the defendant was held to answer.

2.   **PRELIMINARY TRIAL—Complaint—Requisites.** The complaint before the magistrate   need not state the offense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear, including a statement in ordinary language of the acts or omissions constituting the offense charged.

3.   **ROBBERY—Sufficiency of Evidence.** In a prosecution for robbery, the evidence examined, and held sufficient to support the verdict of conviction.

*Appeal from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Jim Wade was convicted of robbery in the first degree, and he appeals. Affirmed.

*Tom W. Neal* and *White & Reid,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  This appeal is from a judgment rendered upon a verdict of a jury finding the defendant, Jim Wade, guilty of robbery in the first degree and fixing his punishment at 10 years' imprisonment in the penitentiary.

The information in substance charged that Jim Wade did in Le Flore county on or about the 1st day of September, 1918, commit the crime of robbery in the first degree, in that he did then and there unlawfully, wilfully, and feloniously make an assault upon the person of one C. E. Evans, and by means of force and fear of immediate injury to his person, and by threatening to shoot the said C. E. Evans with a pistol if he persisted, the said Jim Wade did then and there feloniously take from the possession and immediate presence and against the will of the said C. E. Evans the sum of $53, lawful money of the United States, the property of the St. Louis & San Francisco Railway Company, with the felonious intent then and there to convert the same to his own use and to deprive the said owner permanently thereof.

The first error assigned is that the court erred in overruling the motion to quash the information.

The defendant before pleading to the information filed a motion to set aside or quash the information upon the ground that no preliminary examination has been had or waived by the defendant for the offense charged in the information, which charges an offense different from that stated in the complaint before the examining magistrate, and for this reason the court is without jurisdiction to try the defendant upon the information.

The only evidence introduced in support of said motion was a complaint filed on the 10th day of September, 1918, before one S. T. Miner, justice of the peace of Talihina township, Le Flore county, in which it was charged:

"That Jim Wade did in Le Flore county, state of Oklahoma, on or about the 1st day of September, 1918, and prior to the making of this complaint, commit the crime of highway robbery in manner and form as follows, to wit: On the morning of the 1st said Wade did without authority of law by threats with a pistol in his hand pointed at one F. Evins, the operator at the Frisco station, compel him to deliver to the said Wade $65 in silver and currency money of the United States, contrary to," etc.

—which complaint was sworn to by H. A. Daly. The indorsement thereon is as follows:

"It appearing to me that the offense in the within information has been committed, and that there is sufficient cause to believe that the within-named Jim Wade is guilty thereof, I order that he be held to answer the same; that he be admitted to bail in the sum of one thousand dollars and be committed to the sheriff until said bail is given.

         "S. T. Miner, Justice of the Peace."

Under the constitutional provision (section 17, art. 2) and Code of Criminal Procedure (section 5680, Rev. Laws), it is the fact that there was a preliminary examination or a waiver thereof and a judicial determination thereon by the examining magistrate that the offense charged in the complaint, or that a felony other than that charged as shown by the examination has been committed, and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an in-

formation for the offense charged in the complaint when examination has been waived, or for the offense shown by the evidence on the examination, for which the defendant was held to answer. *Muldrow v. State,* 16 Okla. Cr. 549, 185 Pac. 332.

The defendant in his brief asserts that the complaint does not charge the crime of robbery, because:

"There is no allegation that the property taken was in the possession of F. Evins, or that it was taken from his person, or that the taking was without his consent, or that there was any fear of immediate personal injury upon the part of Evins, or that the property taken was not the property of the defendant, and that the ownership of the property is not alleged; that it simply charges the defendant with the offense of pointing a pistol at another."

It is well settled that, where the defendant waives the right to an examination, and no evidence is offered by the state, the charge in the information must substantially be the same as that stated in the complaint. However, it is not necessary that all the details and technical allegations required in an information should be stated in the complaint before the magistrate; it is sufficient that the jurisdictional facts appear, including a statement in ordinary language of the acts or omissions constituting the offense intended to be charged.

Our Penal Code defines the crime of robbery as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear." Section 2364, Rev. Laws.

We think that all the elements constituting the crime of robbery are sufficiently stated in the complaint, and, while not stated in technical language, the crime is stated in ordinary language sufficient to inform the defendant of the nature and cause of the accusation against him.

The record does not show whether or not the defendant waived his right to a preliminary examination, or whether or not an examination was held, and in the absence of the record all presumptions favor the regularity of the proceedings preceding the filing of the information.

The evidence shows that about 3 o'clock on the morning of September 1, 1918, C. E. Evins was in charge as telegraph operator of. the Frisco Railroad station at Talihina. He testified:

"I was sitting at the desk writing. The defendant appeared at the window and said, 'Just hand it over.' He put a gun up in my face and said, 'Just give me your change.' I got up, and he said, 'Put it in this sock,' and he handed me a sock. I took it and went and got all the silver in the till, something about $40. I took it back to him, and he said, 'Take it back and put in the greenbacks.' I said, 'All right,' and I did. It all amounted to $65.25. I took it back to him, and he said, 'You get over in that corner,' and I did. He had on a blue jumper and a blue handkerchief tied over the lower part of his face. My best judgment is the defendant is the man that robbed me. I say that from his eyes and hair. The gun was an extra long barrel."

Here witness was handed the pistol taken from defendant and identified the pistol as the gun used in the robbery.

Two or three witnesses testified to seeing the defendant in Talihina the evening before the robbery.

The next day the blue overalls and blue jumper and a blue handkerchief were found in a thicket about 300 yards from the station.

Tobe Elam, a witness for the state, testified:

"I know the gun introduced in evidence. I sold it to the defendant, Jim Wade. I don't know whether it was in August or September. I came back to Howe from South Dakota the 19th or 20th of August. I was not back many days before I sold it to him. I marked the gun so if it was ever stolen from me I would know it. You can see the mark on the gun right there. At the time I sold him the gun the defendant bought a blue jumper at Hollidays, in Howe, and told me that he bought it so people would not see the gun on him."

For the defense R. H. Wood testified:

"Tobe Elam told him he had a good gun he wanted to sell. I told Jim Wade, and he said he would buy it. The next morning Tobe brought the gun down and the trade was made. I believe it was Friday, the 6th or 7th of September. It was before Jim Wade moved his things away from Howe."

As a witness in his own behalf defendant testified:

"I work over at Dick Ridge mines, southeast of Howe. I left there on the last Friday in August in a wagon with Tom Knight. He is dead now. We got to Howe Thursday, and on Saturday we got to Talihina, between 3 and 5 o'clock. We went out to the wagon yard and put up. We went down to Prices and had supper. Then we went to a show, and after the show we went back to the wagon yard and went to bed. I did not rob the depot. The first I knew of it was when I was arrested at Wilburton. The pistol in evidence is mine. I bought it from Tobe Elam about the 5th, 6th or 7th of September, 1918."

Some exceptions were taken during the course of the trial to the admission of evidence bearing upon issues in the case, but we are of the opinion that none of them were well taken. Upon the whole case we see no reason to doubt that this conviction was justified by the evidence.

Finding no prejudicial error, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.