# BEN F. WILSON v. STATE.

No. A-5475.  Opinion Filed May 10, 1926.
(296 Pac. 489.)

Stanley Williams, for plaintiff in error.

The Attorney General and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Plaintiff in error, Ben Wilson, here designated the defendant, was convicted of the larceny of a cashier's check of the amount of $165.  The jury fixed his punishment at confinement in the penitentiary for a period of nine months.

The evidence shows that the prosecuting witness was on the point of leaving Durant, in Bryan county, on the train at about midnight on April 11, 1924, and that he had a letter to be mailed to his mother, and that this letter contained a cashier's check for $165, indorsed in blank.  Going to a soft drink stand at the depot the witness asked for a special delivery stamp.  The defendant

was at this drink stand and heard the witness ask for this special delivery stamp, and, when he failed to secure the same, he purchased and put on the letter enough two cent stamps to classify the letter as special delivery. The defendant snapped his fingers, and said: "That reminds me I have couple of letter to mail myself." He thereupon pulled some lettters out of his pocket, apparently ready for mailing, and said to the witness: "If you want me to I will mail your letter too." The witness gave his letter to the defendant, and that was the last he knew of it until the check was later secured, canceled, bearing the indorsement of the defendant, Ben F. Wilson, and showing that it had been cleared through the First National Bank of Durant on April 12, 1924. There was no dispute that the check was cashed at this bank.

The defendant admitted that he had cashed the check at this bank, but denied that he was the party to whom the envelope containing this check had been given the night before, interposing an alibi that he had been at home that night, in which he was supported by the testimony of his wife. He explained that another person, one Jack McCarthy, for whom he had been driving a taxi, saw him on the morning of April 12th, at the taxi stand, and told him that he had won this check in a dice game with a traveling man, and asked the defendant to cash it for him, as he feared the traveling man might stop payment on the check; that McCarthy paid him $20 for his services in cashing this check; that he had paid a note for McCarthy at the bank, in the amount of $50, deposited $50 to his own account, and given the balance of the proceeds of the check, in cash, to McCarthy.

The preliminary complaint before the justice of the peace reads thus:

"Personally appeared before me, justice of the peace in and for said county and state, W. F. Hafele, who being duly sworn on oath, says that on or about the 11th day of April, 1924, one Ben Wilson, late of Bryan county, and

within Bryan county, state of Oklahoma, did commit the crime of grand larceny; that is to say, said defendant did in the said county of Bryan and state of Oklahoma, at the above-named date unlawfully, willfully, feloniously, and intentionally break open a sealed package containing a valid check of the value of $165, said check being the property of W. F. Hafele, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

Upon this complaint the defendant was arrested and gave bond to appear for a preliminary hearing. On the day set the defendant appeared and waived a preliminary hearing. The state then produced witnesses, upon whose testimony the court based the following order:

"Thereupon the court proceeds to hear testimony, and the hearing of the testimony having been completed, and it appearing that the offense of ———— has been committed, and that there is sufficient cause to believe the defendant guilty thereof, it is therefore ordered, considered, and adjudged by the court that the said defendant, Ben Wilson, be held to answer the charge of grand larceny, and his bond is fixed in the sum of $500 to answer the said charge, and in default of said bond he is ordered committed to the custody of said county."

The county attorney then filed an information against the defendant in the district court, the charging part of which is as follows:

"That is to say, the defendant did, in said county and state, at the date above named, unlawfully, wrongfully, knowingly, willfully, fraudulently, stealthily, and feloniously by fraud, take, steal, and carry away a certain check and written instrument, of the following purport and tenor, to wit:. 'Illinois Merchants' Trust Company. Chicago, March 25, 1924. 192. No. 38869. Pay to the order of Wm. T. Hafele $165, one hundred sixty-five dollars. Mac Crine, Asst. Cashier'—on the end of which check are the following words and figures: 'Cashier's Check.' Upon the back of which check was indorsed the following name: 'Wm. F. Hafele.' Which said check and written instrument is and was the per-

sonal property of the said Wm. F. Hafele, and of the value of one hundred and sixty-five dollars, with the unlawful, wrongful, fraudulent, and felonious intent then and there by fraud on the part of him, the said Ben F. Wilson, to deprive the said Wm. F. Hafele, the true owner thereof, of said property, and to convert the same to the use and benefit of him, the said Ben F. Wilson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The defendant claims that the original charge before the justice of the peace charged a misdemeanor only, upon which the examining magistrate had no right to order a preliminary hearing, and that consequently the defendant had had no preliminary hearing on the charge finally laid.

This court holds that the averments in the original complaint were sufficient to apprise the accused that he would be required to meet a charge of grand larceny. In Wade v. State, 18 Okla. Cr. 592, 197 P. 180, this court said:

"The complaint before the magistrate need not state the offense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear, including a statement in ordinary language of the acts or omissions constituting the offense charged."

After being apprised of the general nature of the charge, the defendant waived a preliminary hearing.

Section 2497, Comp. Stat. 1921, reads as follows:

"If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect:

"It appearing to me that the offense named in the within complaint mentioned (or any other offense, accord-

ing to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same."

In the Wade Case, supra, it was held:

"Under Const. art. 2, § 17, providing for the prosecution of felonies by information, after examination and commitment before an examining magistrate, or the defendant having waived such preliminary examination, it is the fact that there was a preliminary examination, or a waiver thereof and a judicial determination thereon by the examining magistrate that the offense charged in the complaint, or that a felony other than that charged, as shown by the examination, has been committed, and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information for the offense charged in the complaint when an examination has been waived, or for the offense shown by the evidence on the examination, for which the defendant was held to answer."

A variance between the offense as stated in the original complaint before the magistrate and that stated in the information, under circumstances like this, will not operate to require a second preliminary examination. In the case of Haley v. State, 20 Okla. Cr. 145, 200 P. 1009, the court said:

"A waiver of preliminary examination by defendant does not prevent the state from proceeding with examination and taking evidence in order to determine the exact crime for which defendant should be held, as section 5680, R. L. 1910 [§ 2479, C. S. 1921], contemplates not only that defendant may be held for felony charged in preliminary complaint, but for a different felony, if upon a hearing the facts so show."

There was evidence to support the theory that this check was obtained by the defendant by trick and stealth, amounting to a larceny by fraud. Bivens v. State, 6 Okla. Cr. 521, 120 P. 1033; McKinney v. State, 19 Okla. Cr. 94, 198 P. 108; 17 R. C. L. 14, 15.

The objections to the instructions urged by defendant have been considered, and the vice pointed out is held to be harmless and not misleading under the evidence, when considered along with other portions of the instructions.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.