Edmon E. HOLLIE, Petitioner,

v.

STATE of Oklahoma and Sheriff of Haskell County, Oklahoma, Respondents.

No. A–13441.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1963.

Thomas D. Frasier, Tulsa, Whit Pate, Oklahoma City, for petitioner.

Com Followell, County Atty., Haskell County, Charles Nesbitt, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

On the 24th day of September, 1963, Edmon E. Hollie filed an original application for Habeas Corpus in this Court, affirming that he was unlawfully detained in the County Jail of Haskell County, Oklahoma and on that date an order to Show Cause was issued, directing the Sheriff of Haskell County to produce said Edmon E. Hollie before this Court on the 25th day of September, 1963, at 10:00 A.M.

Hearing was held on the following day, at which time it was made to appear to the Court that the petitioner, Edmon E. Hollie, was charged by preliminary complaint in the County Court of Haskell County, and that bond had been set in the sum of $500.-00 and that he had been committed to jail in lieu of posting said bond.

The complaint under which Hollie stood committed reads substantially as follows:

"That Edd Hollie * * * did, unlawfully, wilfully, falsely, designedly, fraudulently and feloniously pretend and represent to the said Linus T. Wiliams, a News Paper operator and job printer, in Stigler, Oklahoma, that he was acting in his own behalf when he, the said Edd Hollie, came to the office of the said Linus T. Williams, and placed an order for 500 plackards * * and did thereby cause the said Linus T. Williams to relinquish and forgo his right to collect on delivery, by then and relying upon said false pretenses and representations made by Edd Hollie, believing them to be true, as was intended by the said Edd Hollie, and after said delivery had been made the said Edd Hollie denied any obligation on his part to pay and refused to do so, and did then and there by said false and fraudulent pretenses and representation did fraudulently and feloniously attempt, and did cheat and defraud the said Linus T. Williams out of said property."

■ Counsel for petitioner contended, and correctly so, that the complaint above set forth did not state any offense against the laws of the State of Oklahoma and that petitioner's incarceration was in derogation of Article 2, Section 13 of the Constitution of the State of Oklahoma, the same providing:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

Even the most cursory reading of the complaint discloses that petitioner ordered and failed to pay for certain campaign literature. The obligation thus created is a debt and the remedy provided by law in such cases is a civil suit for the collection of the same.

■■ It therefore follows that the confinement of the petitioner was in violation of Article 2, Section 13, of the Constitution of the State of Oklahoma, Supra, and the writ was accordingly granted.

NIX and JOHNSON, JJ., concur.