Tom BRASWELL, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–13401.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1964.

Don Dale, Guymon, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Tom Braswell, hereinafter referred to as Defendant, was charged by information in the District Court of Texas County, Oklahoma, with the offense of Larceny of Cattle, in violation of Title 21 O.S. § 1716; was tried by a Jury who found him guilty and fixed his punishment at Three (3) Years in the State Penitentiary, and from the Judgment and Sentence rendered in accordance with the verdict of the Jury he appeals.

Briefly, the facts adduced at the trial, disclose that on November 26, 1962, the defendant, Tom Braswell, went to the home of Mrs. W. E. Henderson, near Eva, Oklahoma, in the Northwest part of Texas Coun-

ty, with the intention of purchasing two head of livestock, to-wit: One Shorthorn Jersey, Milch cow and one Yearling Heifer, dark red in color with a white face. The evidence further discloses that the defendant was a cattle trader and had, on a previous occasion sold a milch cow to Mrs. Henderson, and her husband, approximately one month before; and that thereafter had returned with other livestock for sale and at that time ascertained that the Hendersons had sold most of their livestock, but had kept the cow and heifer mentioned above and were disposed to sell them.

On the afternoon of the 26th he offered prosecuting witness $290.00 for the cow and heifer, and executed a check in that amount drawn upon the Gruver State Bank in Gruver, Texas. He took the cow with him and advised Mrs. Henderson that he would return later for the heifer, which he returned for later that day, according to the prosecuting witness. The records of the Tri-State Sales Arena disclose that on the 27th of November, 1962, Braswell sold the cow and the heifer at the Sales Commission Ring in Elkhart, Kansas, and received a check in the amount of $295.44.

On the 29th day of November, 1962, Mrs. Henderson took the check, executed by Braswell, which had been made payable to her husband, to the hospital in Elkhart, where Mr. Henderson endorsed it and thereafter she deposited it to their bank account. On the 10th day of December, 1962, Mrs. Henderson was notified that the check had been returned for Insufficient Funds (INSF), and on the 11th or 12th day of December, 1962, she wrote a letter to the defendant, Braswell, at an address on a Rural Route in Texhoma, Oklahoma. Receiving no reply to this letter she then wrote the defendant by registered mail, but before the letter could be delivered, Braswell came by her house. When she asked him about the check he said he would have to sell some livestock, he had a few pigs and cattle and would make arrangements for the payment of the check by the middle of, January. He advised her at that time that he had sold the cow and stated that he would bring her the cash. He returned on the 21st or 22nd day of January, 1963, and talked with Mr. and Mrs. Henderson and told them that he would bring the money by the 1st of February. Defendant did not return and failed to make restitution on the check.

On the 6th day of February, 1963, prosecuting witness proceeded to the office of the County Attorney who advised her it was the policy of the County to write a letter giving the defendant a chance.

On the 21st day of February, 1963, having received no further communication from the defendant, Mrs. Henderson signed a criminal complaint giving rise to the charge here involved.

The record further discloses that prosecuting witness never sought to recover the cattle prior to signing the preliminary complaint on the 21st day of February.

Although there are several assignments of error, it is only necessary for us to consider defendant's contention that the evidence is wholly insufficient to support the verdict of the Jury, and that defendant should have been prosecuted under the provisions of Title 21 O.S. § 1541, our False Pretense Statute, instead of Title 21 O.S. § 1716, our Larceny of Livestock Statute.

At the outset, we observe that our Larceny of Livestock Statute has been construed as containing all the elements of Larceny as they existed at Common Law and that the False Pretense Statute contains all of the elements of False Pretense as they existed at Common Law.

 Once again this Court is called upon to distinguish between Larceny by Fraud and the offense of Obtaining Property by False Pretenses. The uniform holdings of this Court and of the Supreme Court of the State of Oklahoma, have consistently pointed out the distinction between the two offenses and perhaps nowhere is it expressed more succinctly than in the syllabus

of the Court in Warren v. State, 93 Okl.Cr. 166, 226 P.2d 320, wherein it is stated:

"To constitute larceny by fraud the taking must be fraudulently accomplished by the party charged from the owner of the property, in which the owner voluntarily parts with possession only but retains the right of property in the subject-matter, and the design to convert the property to the permanent use of the taker, or someone else, must be active at the time of the taking".

"If the owner parts with the possession and title, due to the deception and artifice of the taker, then the offense constitutes obtaining property by false pretenses as defined in Title 21, O.S.A. 1941, § 1541, and not larceny by fraud."

"The intention of the owner not to part with title to his property when relinquishing possession is the vital point to be determined in distinguishing between larceny by fraud and obtaining property by false pretenses."

■ The case of Riley v. State, 64 Okl. Cr. 183, 78 P.2d 712, has, however, created some confusion, which to a great extent, was brought about by the Court's failure to include the most determinative feature of the case. In Riley v. State, supra, the facts as stated in the opinion of the Court were substantially as follows: The defendant, Riley, secured from the Highway Motor Company of Okmulgee, Oklahoma, the possession of a 1934 Ford Coupe, a used car, and executed two worthless checks, one in the sum of $48.25 and the other in the sum of $25.00, as down-payment thereon. He represented that he was employed by the Eagle Picher Smelting Works in the City of Henryetta, Oklahoma; and executed a note and contract for the balance of the purchase price of the automobile. The checks were worthless and drawn upon a bank in which the defendant had never had a bank account. The defendant was not in the employ of the Eagle Picher Smelting Works; and subsequent to gaining possession of the car, was arrested in Fort Worth, Texas, 27 days later. The Oklahoma tag had been removed from the automobile and a Texas license had been placed thereon. Mentioned only in passing and not discussed in detail, the contract, above referred to, conclusively established the intent of the Highway Motor Company to retain title and only transfer possession of the motor vehicle in question. We here take the liberty of setting forth the pertinent terms of the contract as they appeared in the casemade on page 13A.

"CONDITIONAL SALE AGREEMENT

" * * * Title to said car shall remain in Seller until all amounts due hereunder are fully paid in cash. Said note or this contract may be negotiated or assigned or the payment thereof renewed or extended without passing title to said car to Purchaser * * *."

Since the evidence clearly disclosed that the defendant Riley, fraudulently obtained possession of the motor vehicle, with the felonious intent of depriving the owner thereof, and convert it to his own use; and it is clear that the Highway Motor Company expressly reserved title to the chattel, the Court properly affirmed the defendant's conviction for Larceny of Automobile by Fraud. Unfortunately, however, the Court went further than was necessary and indicated that when title and possession of a chattel are obtained by fraud, the fraud vitiates the ·consent of the owner to the taking and the intent to transfer the title and under such circumstances a prosecution for Larceny by Fraud could be sustained. This is clearly not the law. And to the extent that the decision of Riley v. State, supra, is inconsistent with Warren v. State, supra, the same is specifically overruled.

In the instant case there can be no question but that Mrs. Henderson parted with the title and possession to the cow and heifer in exchange for the check of the defendant, and that this prosecution should have have been instituted under that statute.

It appearing that Mrs. Henderson having parted with both title and possession, under

the authorities above set forth, we are of the opinion the evidence was insufficient to support the verdict of the Jury, and that the conviction for Larceny of Cattle should be Reversed and Remanded.

Reversed and remanded.

JOHNSON, P. J., and NIX, J., concur.