Thomas J. CLARK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17224.

Court of Criminal Appeals of Oklahoma.

July 10, 1972.

Rehearing Denied July 27, 1972.

Ronald C. Bennett, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, Thomas J. Clark, hereafter referred to as defendant, as he appeared in the trial court, was on December 23, 1969, charged by information with the crime of Larceny by Fraud, in the District Court of Tulsa County. Prior to trial, on January 12, 1970, the information was amended charging defendant with the crime of "Obtaining Merchandise by Bogus Check." Defendant was represented by counsel of his own choice and was tried by a jury which returned a verdict on May 25, 1970, finding defendant guilty. The jury assessed defendant's punishment at two (2) years imprisonment and a fine of Two Thousand Five Hundred Dollars, ($2,500.-00). Judgment and sentence was imposed on September 18, 1970. Defendant failed to properly perfect his appeal to this Court, but on November 2, 1971, defendant was granted an appeal out of time by order of this Court. This decision and opinion is the result of that order.

The facts, briefly stated, reveal that on June 17, 1969, in the City of Tulsa, Mr. Alvis Paul of Phillipsburg, Missouri, delivered a 1968 Tudor hardtop Chevrolet to the defendant for an agreed sale price of One Thousand Eight Hundred Fifty Dollars, ($1,850.00). Defendant gave Mr. Paul his personal check for that amount and the automobile was left in possession of the defendant. The following day Mr. Paul deposited defendant's check in the State Bank of Lebanon, Missouri, to which was attached the certificate of title to the automobile he delivered. The check was returned by the Sand Springs State Bank as being insufficient. The evidence showed that defendant was aware of the fact that his bank account was not sufficient to cover the amount of the check when he issued it. It was defendant's contention that the customary practice in the used car business was to pay by check which would be held until after the car was resold and the money placed on deposit to cover the check. Mr. Paul denied that any such arrangement existed in this transaction. Subsequent to the time the car was delivered to the defendant, it was involved in an automobile accident and demolished. Mr. Paul testified that he had contacted the defendant several times about payment, but such was not forthcoming.

Defendant argues his appeal under two assignments of error, the first of which asserts: "Where an information charges a particular offense, a conviction cannot be had upon evidence of another and distinct offense not included within the charge." And his second proposition asserts: "Where evidence is offered tending to prove that the defendant has committed an offense other than that for which he is on trial, good practice requires that the prosecuting attorney should state the purpose for which the evidence is offered, and if it is admissible for that purpose, the trial court should instruct the jury as to the purpose for which they may consider it." After considering the record of trial and the briefs submitted, we affirm the judgment and sentence.

With reference to defendant's first proposition, his argument asserts that the evidence presented at his trial proved the of-

fense of "Larceny by Fraud," whereas his conviction was for the offense of "Obtaining Merchandise by Means of a Bogus Check." Defendant asserts further that it was error to permit the evidence of one offense to go to the jury, and for the jury to find him guilty of a separate and distinct offense.

■ With reference to defendant's contention concerning the distinction between the defenses for the two crimes, i. e. larceny, and for false pretenses, the two offenses belong to the same family of crimes, and the distinction between them is a very nice one in many instances. See: 50 Am. Jur.2d, Larceny, § 7, p. 158. It is defendant's contention that the evidence proved the offense of larceny by fraud instead of the offense of obtaining property by false and bogus check, because Mr. Paul did not deliver title to the automobile at the same time he delivered possession to the defendant. In his brief defendant concedes that the certificate of title to an automobile is not necessarily a controlling factor in determining the ownership of the automobile, and he cites Starr v. Welch, Okl., 323 P.2d 349 (1958). Defendant asserts also that it was never proved that Mr. Paul intended to part with title to the 1968 Chevrolet. However, the record clearly reflects that Mr. Paul attached the certificate of title to the check, when he presented it to his bank for payment. We believe the record is sufficiently clear to show that Mr. Paul did intend to relinquish title to the vehicle to the defendant. The only reason the vehicle title was not actually transferred to defendant was because defendant's bank account was not sufficient to pay the check.

■ Further, whether or not there was some special arrangement between the defendant and Mr. Paul, with reference to delayed payment for the check, was a question of fact for the jury to determine; and the jury resolved that fact against the defendant. This Court stated in Braswell v. State, Okl.Cr., 389 P.2d 998 (1964), "The intention of the owner not to part with title to his property when relinquishing possession is the vital point to be determined in distinguishing between larceny by fraud and obtaining by false pretense." We are consequently left to conclude, since physical possession was voluntarily relinquished, and the title was attached to the check, that Mr. Paul did intend to convey both title and possession to the defendant. We also stated in Braswell v. State, supra, "If the owner parts with the possession and title, due to the deception and artifice of the taker, then the offense constitutes obtaining property by false pretenses as defined in [21 O.S.1971, §§ 1541.1 and 1541.2], and not larceny by fraud."

■ Under this proposition defendant asserts also that his contentions are borne out by the fact that the judgment and sentence entered by the trial court reflects that he was convicted for the offense of "Larceny by Fraud." As the Attorney General points out in his brief, this alleged error results from a clerical error. We agree and find that such clerical error should be corrected. It appears obvious to this Court that the clerk who typed the formal judgment and sentence form inadvertently referred to the original information filed against defendant which alleged that offense and failed to recognize that the information was amended on January 12, 1970, to allege the crime of "Obtaining Merchandise by Bogus Check." We therefore deny both aspects of defendant's first proposition.

In his second proposition defendant asserts prejudicial error was committed when the State introduced its Exhibit No. 2, which was another "insufficient check" in the amount of Four Hundred Dollars ($400.00), which was subsequently issued by defendant to Mr. Paul. The Attorney General answers this complaint by stating that the State's Exhibit No. 2 not only tended to prove intent, but also proved absence of mistake or accident on the part of defendant with reference to the check for One Thousand Eight Hundred Fifty Dollars ($1,850.00). The exceptions to the

general rule concerning the introduction of evidence of other possible crimes are set forth in Moulton v. State, Okl.Cr., 476 P. 2d 366 (1970). The record also reflects that at the time State's Exhibit No. 2 was introduced and accepted into evidence the court made the following admonition to the jury:

"MR. LANG: Yes. At this time, your Honor, the State would move the introduction into evidence of State's Exhibit No. 2.

"THE COURT: It may be admitted and exceptions allowed. And I would inform the jury that the $400 check that has been referred to is not part of, nor the basis, for the charge of the crime of Obtaining Property by Bogus Check for which the defendant stands charged. The Court has permitted this to go into evidence merely to show the conferences and the arrangements and the dealing between the plaintiff—between the prosecuting witness and the defendant. You are to consider it as part of the overall —as part of overall arrangements and consultation conferences between the parties, and not for the purpose of showing that it is—that there is no criminal onus attached to the writing of the $400 check. (Tr. 30, 31)

" . . .

"THE COURT: Since I've used the word onus and that is a legal terminology and some of the jurors may not be acquainted with the exact definition of the term. I will clarify the language to say this check that was written could not be the basis of a criminal charge against the defendant. It is only admitted to show the transaction between the parties.

"You are not to consider that it has any —that it, standing alone, would be the basis of any criminal charge against the defendant." (Tr. 31)

We believe the court properly ruled on the admission of the evidence; and considered with the court's admonition to the jury, such did not constitute prejudicial error.

We have reviewed the instructions the court gave to the jury and find that they properly instructed the jury on the charge of obtaining merchandise by false or bogus check, and we find that the court's instructions to the jury, considered as a whole, were proper. We are therefore of the opinion, after considering the records and briefs filed in this case, that defendant received a fair trial in accordance with due process of law, and that the record is free of any error sufficient to cause reversal of this conviction.

We are further of the opinion that the clerical error which occurred in the preparation of the judgment and sentence should be corrected by "nunc pro tunc" order of the District Court of Tulsa County; and that a corrected judgment and sentence should be filed with the district court clerk, and with the clerk of this Court to be included in the record before this Court.

Therefore, the District Court of Tulsa County, Tulsa, Oklahoma, is hereby directed to enter a "nunc pro tunc order" correcting the judgment and sentence contained in this record to reflect the charge for which defendant was convicted. It is the further order of the Court that a copy of this decision shall be provided to the State Department of Corrections and the Warden of the State Penitentiary at McAlester, Oklahoma, in order that the records in the State Department of Corrections and in the State Penitentiary may be corrected to reflect that defendant was convicted for the offense of "Obtaining Merchandise by False and Bogus Check," instead of Larceny by Fraud.

We are further of the opinion that the judgment and sentence imposed by the District Court of Tulsa County, Oklahoma, in Case No. CRF–69–2139, imposing the sentence of two (2) years imprisonment and fine of Two Thousand Five Hundred Dollars, ($2,500.00) should be MODIFIED to imprisonment for two (2) years, and as

modified, the judgment and sentence is affirmed.

It is so ordered.

BUSSEY, P. J., concurs.

SIMMS, J., not participating.