**Kenneth HIXSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–22.**

Court of Criminal Appeals of Oklahoma.

July 27, 1979.

Don L. Wyatt, Ada, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Kenneth Hixson, was convicted of Obtaining Money by False Pretenses in the District Court of Pontotoc County, Case No. CRF–78–5. The jury set punishment at a fine of Five Thousand Dollars ($5,000.00).

In response to this appeal, the Attorney General of the State of Oklahoma has filed notice of confession of error. In that notice, the Attorney General confessed error based upon the demurrable information and insufficiency of the evidence.

Appellant had contracted with several churches in and about Ada, Oklahoma, to take pictures of their members for potential sale to said members and to provide church directories gratis. The photos were taken and deposits and some payments in full were received, but the packets of photographs were not returned within the time promised. In addition to this delay on the appellant's part, the churches, either through their administrators or individual members, disapproved of the quality of the product.

 The crime of Obtaining Money by False Pretenses under 21 O.S.1971, § 1541.1, et al, requires the making of a false statement by one person to another of a past or existing fact with the intent to defraud. *Kellogg v. State*, Okl.Cr., 551 P.2d 301 (1976). In *Kellogg*, the crime of Obtaining Property by False Pretenses was not committed by a defendant who promised to return the following day to give a cashier's check in exchange for the seller's vehicle. Comparably, appellant Hixson did not commit the crime of Obtaining Money by False Pretenses when he promised to deliver the photo packets within a certain time period in exchange for the buyers' money. The evidence indicates that the appellant was in business at the time of the transactions; that he did maintain an office in Arkansas; and that he did have a developer in Tennes-

see. No evidence of intent to defraud was presented.

As in *Hollie v. State,* Okl.Cr., 386 P.2d 333 (1963), any breach of the obligation incurred must be remedied by a civil suit, and the information by which the appellant was charged is demurrable on its face.

*REVERSED* with instructions to *DISMISS.*

BRETT and BUSSEY, JJ., concur.