Emanuel BROADWAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–89–1131.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1991.

---

Robert G. Perrine, Norman and John S. Gonas, Jr., Mobile, Ala., for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Emanuel Broadway, appellant, was tried by jury and convicted of Obtaining Merchandise or Money by Trick or Deception (21 O.S.Supp.1982, § 1541.2), After Former Conviction of a Felony, in Oklahoma County District Court Case No. CRF–88–5629. In accordance with the jury's recommendation, punishment was set at twelve (12) years imprisonment. From this Judgment and Sentence, appellant appeals.

At some time prior to September 22, 1988, eighty-five-year-old Flora Longhway had some roof repairs made on her Oklahoma City residence. Mrs. Longhway's son arranged for the repairs and Mrs. Longhway only caught a glimpse of the man who completed the work. She also observed the worker's truck while he was at her home. Because it had been some time since the repairs were completed, Mrs. Longhway was expecting someone to come to her home and collect money for the repair work.

On September 22, 1988, appellant appeared at Mrs. Longhway's front door and stated, "I came for my money." Because Mrs. Longhway thought appellant looked different than he did when he worked on her roof, she "asked him why he had a heavy beard that he hadn't had before." Appellant replied that he grew the beard because he had undergone facial surgery. Mrs. Longhway also commented to appellant that his truck was a different color than the one she had seen when the repairs were made. Appellant claimed that his company had four different colored trucks.

Once inside the house, Mrs. Longhway asked appellant how much she owed him. Appellant told her three hundred dollars ($300.00). Mrs. Longhway responded that she had an idea the amount would be much lower and told appellant that she was going to call her son. Appellant lowered the amount he wanted to two hundred dollars ($200.00) when Mrs. Longhway started toward the telephone. When Longhway said that amount was still too much, appellant explained that he had to use extra equipment to do the job. Mrs. Longhway was still hesitant about writing the check, so appellant suggested that they go out to the backyard. Once there, appellant pointed to

the roof. Mrs. Longhway thereafter drafted a check for two hundred dollars ($200.00) to appellant, which he endorsed and cashed. Suffice it to say, appellant was not the man who worked on Mrs. Longhway's roof, nor was he in any manner associated with the repair work.

In his first assignment of error, appellant asserts that the trial court erred in overruling his demurrer and motion to dismiss for lack of evidence. Specifically, he claims that the evidence was insufficient to prove the crime charged. We disagree.

Title 21 O.S.Supp.1982, § 1541.1, provides that it shall be a crime for any "person who, with intent to cheat and defraud, shall obtain ... from any person ... any money, property or valuable thing, of a value less than Fifty Dollars ($50.00), by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense...." Section 1541.2 provides that the crime shall be a felony if the amount obtained is fifty dollars ($50.00) or more. Appellant's claim of insufficient evidence is apparently premised upon the fact that he never explicitly told the victim that he was there to collect money for the roof repairs. Appellant contends that he never made a false statement to Mrs. Longhway, nor did Mrs. Longhway rely upon anything appellant said to her when she gave him the check.

In support of his argument, appellant cites *Hixson v. State*, 598 P.2d 268 (Okl.Cr.1979), where this Court stated, "The crime of Obtaining Money by False Pretenses under 21 O.S.1971, § 1541.1, et al [sic], *requires the making of a false statement* by one person to another of a past or existing fact with the intent to defraud." (Emphasis added).[1] The language contained in Sections 1541.1 and 1541.2 very clearly provides that these sections may be violated by means other than a "statement."[2] Indeed, one may be found guilty under these sections if he obtains money, property or a valuable thing by means or by use of, *inter alia,* any "trick" or "deception", or false or fraudulent "representation" or "pretense."[3] We find that the Legislature, by including such alternatives with the disjunctive "or", did not intend to limit violations of Sections 1541.1 and 1541.2 solely to "statements" made by the perpetrator. To the extent that *Hixson* and the related cases cited above may be interpreted to limit violations under these sections solely to "statements", they are hereby overruled.

In the present case, there was ample evidence to prove that appellant not only made false statements to his victim, but that he also deceived and utilized false representations to cheat her. Appellant made a false statement when he answered "three hundred dollars" to Mrs. Longhway's question, "How much do I owe you?" Mrs. Longhway did not "owe" appellant anything. Appellant also made a false statement when he said, in response to Mrs. Longhway's statement that two hundred dollars was still more than she expected, that he "had to have extra equipment" to complete the job. Appellant may also have been guilty of making false statements when he discussed the growth of his beard and his company's trucks. While we

---

1. See also *Bartlett v. State*, 733 P.2d 1350, 1352 (Okl.Cr.1987); *Kellogg v. State*, 551 P.2d 301, 303 (Okl.Cr.1976); *State v. Layman*, 357 P.2d 1022, 1028 (Okl.Cr.1960); *Welch v. State*, 78 Okl.Cr. 180, 146 P.2d 141, 145 (1944); *Nemecek v. State*, 72 Okl.Cr. 195, 114 P.2d 492, 497 (1941); *Reeves v. State*, 68 Okl.Cr. 163, 96 P.2d 536, 540 (1939); *Rhodes v. State*, 58 Okl.Cr. 1, 49 P.2d 226, 231 (1935).

2. It should be noted that the language at issue has been in effect in this State since 1913. See S.L.1913, Ch. 72, § 1 (Ch. 23, Art. LII, § 2694a); C.S.1921, § 2146; St.1931, § 2086; 21 O.S.1941, § 1541; 21 O.S.Supp.1967, § 1541.1.

3. See, e.g., *Clark v. State*, 499 P.2d 467, 469 (Okl.Cr.1972) ("deception and artifice"); *Braswell v. State*, 389 P.2d 998, 1001 (Okl.Cr.1964) ("deception and artifice"); *Stokes v. State*, 366 P.2d 425, 431 (Okl.Cr.1961) ("deception and artifice"); *Carroll v. State*, 347 P.2d 812, 822 (Okl.Cr.1959) ("a false representation or a statement"); *Warren v. State*, 93 Okl.Cr. 166, 226 P.2d 320, 324 (1951) ("deception and artifice"); *Dobson v. State*, 74 Okl.Cr. 341, 126 P.2d 95, 101 (1942) ("deception and artifice"); *McKinney v. State*, 19 Okl.Cr. 94, 198 P. 108, 109 (1921) ("deception and artifice"); *Taylor v. Territory*, 2 Okl.Cr. 1, 99 P. 628, 629 (1909) ("false representation").

do not know whether appellant had facial surgery or whether he worked for a company with four different colored trucks, his conduct was certainly deceitful in light of Mrs. Longhway's questions concerning her previous viewing of the roof worker and his vehicle. Appellant also deceived Mrs. Longhway when he lowered the amount she "owed" him and when he suggested that they go to the back yard and he pointed to the roof.

■ After reviewing the evidence in this case in the light most favorable to the State, we find that any rational trier of fact could have found appellant guilty as charged. *See Drew v. State*, 771 P.2d 224, 227 (Okl.Cr.1989). Specifically, there was sufficient evidence to prove that appellant intended to cheat and defraud Mrs. Longhway by use of deception, false representations and false statements. A finding that Mrs. Longhway relied upon such when relinquishing her money is not required, as this Court held in *Nash v. State*, 685 P.2d 972, 973 (Okl.Cr.1984), that "reliance" is not an essential element under Section 1541.1. Accordingly, this assignment of error is dismissed.

■ Mrs. Longhway was the only witness called on behalf of the State on the first day of trial. Her testimony ended shortly after 5:00 p.m. and the prosecutor indicated that she could be excused at that time. However, at the beginning of proceedings the next day, the State asked that Mrs. Longhway be recalled. The prosecutor explained that Mrs. Longhway, because of her age, nervousness and fatigue during the late hour of the day, had omitted certain relevant facts during her previous testimony. Over defense objection, the trial court permitted Longhway to retake the stand. The only additional testimony elicited from the witness that she had not previously disclosed was the evidence concerning appellant's suggestion to walk outside and his pointing to the roof.

As his final assignment of error, appellant claims that the trial court erred in allowing Mrs. Longhway to retestify on the second day of trial. While appellant concedes that such ruling was within the trial court's discretion, *Harvey v. State*, 485 P.2d 251, 254 (Okl.Cr.1971), he claims that the court abused its discretion. In support of this assertion, appellant first maintains that the court's ruling resulted in unfair surprise. However, as Mrs. Longhway was endorsed as a State witness and because appellant was aware of what her testimony would be, we reject this contention.

Appellant also charges that the probative value of Mrs. Longhway's testimony was substantially outweighed by unfair prejudice and needless cumulative evidence. *See* 12 O.S.1981, § 2403. To support the "prejudice" portion of this argument, appellant asserts that none of the testimony from the State's other witnesses proved the crime charged. Therefore, he apparently now claims that Mrs. Longhway's second day testimony supplied sufficient evidence to support his conviction. However, appellant urged in his first assignment of error that there was insufficient evidence even with Mrs. Longhway's testimony. We have previously rejected this contention. Furthermore, we find that Mrs. Longhway's initial testimony would have supplied ample evidence to support appellant's conviction. With respect to appellant's latter sub-argument, we agree that some of Mrs. Longhway's second day testimony was cumulative. However, much of her testimony clarified what she had previously stated. We therefore do not find that it was "needless." In conclusion, we hold that the trial court did not abuse its discretion in permitting Mrs. Longhway to retestify. We further find that appellant has failed to demonstrate that prejudice resulted therefrom. *See Scott v. State*, 751 P.2d 758, 760 (Okl. Cr.1988), *cert. denied* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037. This assignment is dismissed.

The Judgment and Sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.