STATE of Oklahoma, ex rel. David MOSS, District Attorney, Tulsa County, Oklahoma, Appellant,

v.

Carl Allen COUCH, Appellee.

No. S-91-98.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1992.

---

## CORRECTED ACCELERATED DOCKET ORDER

The Accelerated Docket Order issued by this Court on September 8, 1992, in the above-styled matter is hereby withdrawn and the attached Corrected Accelerated Docket Order is issued in its place.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/Tom Brett
TOM BRETT, Judge
/s/Ed Parks
ED PARKS, Judge
/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge

## CORRECTED ACCELERATED DOCKET ORDER

The State of Oklahoma, by and through David Moss, District Attorney for Tulsa County ("Appellant") has appealed to this Court from an order of the Honorable William J. Musseman, Special Judge acting as magistrate, sustaining the demurrer to the Information of Carl Alan Couch ("Appellee") and dismissing Tulsa County District Court Case No. CM–90–1300. Judge Musseman found the statute under which Appellee was charged, 40 O.S.1981, § 165.8, to be unconstitutional as it violates and sets up what amounts to be a debtor's prison and makes it a criminal offense for doing a civil wrong.

On May 8, 1990, an employee of Appellee filed a Wage Claim Form with the Oklahoma State Department of Labor seeking to recover unpaid wages from Appellee. Appellee apparently failed to respond to two (2) Department of Labor notices and, on June 13, 1990, the Department of Labor forwarded the matter to the Tulsa County District Attorney's office for criminal prosecution under Title 40, Oklahoma Statutes, Section 165.7, for the claim of non-payment of wages.

As a result of the Department of Labor's referral, Case No. CM–90–1300 was initiated by Appellant in the District Court of Tulsa County. The Information filed in said case charged the crime of Failure to Pay Wages Due. Appellee demurred to the Information which resulted in Judge Musseman's dismissal of charges from which Appellant now appeals.

This appeal was assigned to the Accelerated Docket of this Court, 22 O.S.Supp. 1989, Ch. 18, App., Section XI, and is an appeal by the State upon a reserved ques-

tion of law. 22 O.S.1981, § 1053.1. At the conclusion of oral argument, this Court announced that the matter was being taken under advisement and allowed amicus curiae briefs to be filed by the Oklahoma Attorney General, the Oklahoma Department of Labor and the Oklahoma Criminal Defense Lawyers Association. The Oklahoma Department of Labor and the Oklahoma Criminal Defense Lawyers Association have filed such briefs and the Court appreciates the efforts and the quality of the input of all the parties involved in this appeal.

The question presented to this Court is whether the prosecution of Appellee in Tulsa County District Court Case No. CM–90–1300 violates the Oklahoma Constitution, specifically, the provision prohibiting imprisonment for debt. Okla. Const. Art. II, § 13. We find that such prosecution does violate said provision of the Oklahoma Constitution and therefore affirm the Honorable Judge Musseman's dismissal of Tulsa County District Court Case No. CM–90–1300.

The Information in Tulsa County District Court Case No. CM–90–1300 alleges that Appellee:

> "did commit the crime of FAILURE TO PAY WAGES DUE, by unlawfully, and wrongfully, violate [sic] the law of this State relating to the payment of wages due an employee by his employer, in the following manner, to-wit: that the said CARL ALLEN COUCH being then and there the employer of one JIMMY SMITH, did fail to pay all wages in the sum of $4,425.00 then and there due and payable to said employee within fourteen (14) days of the pay period worked by said employee, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

The facts in said Information are purportedly contrary to, and thus in violation of, 40 O.S.Supp.1982, § 165.2, which relates to the payment of wages due an employee by his employer and which provides in pertinent part:

> "Every employer in this state shall pay all wages due the employees at least twice each calendar month on regular pay days designated in advance by the employer.... An interval of not more than eleven (11) days may elapse between the end of the pay period worked and the regular payday designated by the employer. The employer shall be allowed three (3) days after such payday in which to comply with this section...."

Violations of Section 165.2 are designated as misdemeanors pursuant to 40 O.S.Supp. 1982, § 165.8, and are punishable by imprisonment in the county jail not exceeding one (1) year or by a fine not exceeding Five Hundred Dollars ($500.00), or both such fine and imprisonment pursuant to 21 O.S. 1981, § 10. None of the parties to this action allege that Appellee was prosecuted under any other criminal statute of this State.

From the foregoing, this Court finds that Appellee has been charged with, and prosecuted for, the existence of a debt arising out of contract and the refusal to pay such debt. *See Hollie v. State*, 386 P.2d 333, 334 (Okl.Cr.1963); *Ex parte Small*, 92 Okl. Cr. 101, 221 P.2d 669, 678–79 (1950). In order to obtain a criminal conviction in Case No. CM–90–1300, Appellant simply has to prove that wages are due and that the wages remain unpaid, i.e. a debt. Such a criminal prosecution must fall within, and be prohibited by, the express language of Section 13 of Article II of the Oklahoma Constitution ("Section 13") which provides:

> "[i]mprisonment for debt is prohibited, except for the non-payment of fines and penalties imposed for the violation of law."  ∘

In its brief, the Department of Labor focuses primarily upon the societal and economic afflictions caused by the failure to pay wages due, which undeniably are problematic. Arguments are made that the failure to pay wages "can" be the basis for criminal culpability and that such wrongful conduct "should" be prosecuted. However, the Department of Labor avoids analysis of the express language of Section 13 and fails to establish why such language is not

applicable in the present proceeding. The Department of Labor also fails to establish how the labor protection statutes preclude the honest employer, unable to pay wages through no fault of his or her own, from being criminally prosecuted solely for such indebtedness. As the brief of the Oklahoma Criminal Defense Lawyers Association indicates, this Court cannot ignore the provisions of Section 13 or render decisions that nullify said provisions. Moreover, this Court cannot legislate limitations into a statute to prohibit the honest debtor from being imprisoned.

The Protection of Labor statutes, 40 O.S.Supp.1982, § 165.1 et seq., are written such that Section 165.8 makes it a crime to violate any of the provisions of Sections 165.1 through 165.11 of Title 40. This Court is disinclined to hold, in this appeal, that Section 13 prohibits the criminal prosecution of all violations of the provisions of Sections 165.1 through 165.11. We do hold that Section 13 prohibits criminal prosecutions, of the type initiated against Appellee in Tulsa County District Court Case No. CM–90–1300, for violations of the above-quoted provisions of Section 165.2 of Title 40. 40 O.S.Supp.1982, § 165.2. Accordingly, Judge Musseman's order dismissing said case is affirmed.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/Tom Brett
TOM BRETT, Judge

/s/Ed Parks
ED PARKS, Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge